296 So.2d 114 (1974)
HESS MARINE, INC., Petitioner,
v.
John D. CALVIN, Respondent, Cycle World, Inc., Intervenor.
No. U-18.
District Court of Appeal of Florida, First District.
May 9, 1974.
Rehearing Denied July 11, 1974.
Fletcher Fleming, of Shell, Fleming, Davis & Menge, Pensacola, Joseph C. Jacobs and Howard C. Holtzendorf, of Ervin, Varn, Jacobs & Odom, Tallahasse, for petitioner.
J. Charles Knott, for respondent.
H. Clay Mitchell, Jr., Pensacola, for intervenor.
PER CURIAM.
This is a petition for certiorari pursuant to the Administrative Procedure Act, Chapter 120, Florida Statutes, F.S.A., *115 to review the final order of respondent granting an application of Cycle World for a license as a motor vehicle dealer to sell Honda products in the Pensacola area. The statute governing issuing of such a license by respondent, Section 320.642, Florida Statutes, F.S.A., states as follows:
"The department shall deny an application for a motor vehicle dealer license in any community or territory where the licensee's presently licensed franchised motor vehicle dealer or dealers have complied with licensee's agreements and are providing adequate representation in the community or territory for such licensee. The burden or proof in showing inadequate representation shall be on the licensee."
In his order granting the license applied for, respondent made the following findings and no others:
"... The Director finds from the facts presented that while the presently licensed franchised dealer is furnishing adequate service in its locality, the territory as a whole and particularly that portion of the territory where the applicant is now located would be more adequately served with an additional dealer in Honda motorcycles, and that it would be unreasonable and arbitrary to deny a license to the applicant."
Respondent's findings do not meet the requirements of the above quoted statute for the granting of such an application. Respondent has neither found that the presently licensed franchise dealer has not complied with his agreements nor has respondent found that such licensee is not providing adequate representation in the community or territory for such licensee. On the other hand, respondent has found from the evidence presented to him that the existing licensee is furnishing adequate service in its locality. Such finding precludes the entry of an order granting a new license.
Certiorari is granted, respondent's order is quashed, and respondent is directed to rescind the license issued to intervenor, Cycle World, Inc.
SPECTOR, Acting C.J., McCORD, J., and CHRISTIE, IRWIN G., Associate Judge, concur.