308 So.2d 197 (1974)
LYNCH-DAVIDSON MOTORS, INC., a Florida Corporation, Petitioner,
v.
John D. CALVIN, Director of the Division of Motor Vehicles of the Department of Highway Safety and Motor Vehicles of the State of Florida, et al., Respondents.
No. U-2.
District Court of Appeal of Florida, First District.
December 31, 1974.
Rehearing Denied January 29, 1975.
*198 William J. Roberts and Wilson W. Wright, Tallahassee, for petitioner.
Charles Knott, Tallahassee, for respondents.
Fred H. Kent, John B. Kent, and William G. Cooper, Kent, Sears, Durden & Kent, Jacksonville, for amicus curiae.
BOYER, Judge.
By Petition for Writ of Certiorari, Petitioner Lynch-Davidson Motors, Inc. challenges an order entered by Respondent on June 25, 1973 pursuant to which order a license was issued to Miller Joiner Ford, Inc. pursuant to the provisions of Chapter 320 Florida Statutes permitting Miller Joiner Ford, Inc. to act as a Ford franchised dealer. The facts are remarkably similar to those in McCulley Ford, Inc. v. Calvin, Fla.App., 308 So.2d 189, opinion filed this date.
Miller Joiner Ford, Inc. filed an application for a license to engage in business as a Ford franchised motor vehicle dealer in Jacksonville. Two of the three existing Ford dealers in Jacksonville, Duval Motor Company and Southside Motor Company, filed "no protest letters". Lynch-Davidson Motors, Inc., Petitioner here, the then other existing Ford dealer, filed a written objection to the application. Respondent entered an order setting a hearing on the application following which hearing the here challenged order was entered.
Petitioner urges, as did the Petitioner in McCulley Ford, Inc. v. Calvin, supra, that the application should have been considered by the "department" rather than the "director" and that inasmuch as there has been no action by the "department" the challenged order is invalid. We hold, as we did in the McCulley case, that the applicable law was to be found in Chapter 70-424, Laws of Florida, enacted by the 1970 session of the Florida Legislature, and that accordingly the director, as distinguished from the department, was the proper party or entity to conduct the hearing and enter orders relative to the application. (See McCulley Ford, Inc. v. Calvin, supra)
Petitioner next raises due process considerations. Our examination of the record reveals that the Respondent in the case sub judice, as in McCulley, supra, failed to make any findings of fact but rather based his order of June 25, 1973, here challenged, on one single conclusion. As this Court said in Powell v. Board of Public Instruction of Levy Co., Fla.App. 1st 1969, 229 So.2d 308:
"* * * Due process as well as the requirements of the Administrative Procedure Act dictates that the agency's final action be reduced to writing, contain findings of fact based upon the evidence adduced at the hearing, and specifically state the charges which the agency finds to have been sustained. * * *" (Emphasis added; 229 So.2d at page 311)
This point is thoroughly treated in our opinion in McCulley, supra, and the reasoning there is equally applicable here.
*199 Neither is this case necessarily controlled by our decision in Hess Marine, Inc. v. Calvin, Fla.App. 1st 1974, 296 So.2d 114, in which the same form of order was employed by the director as that sub judice. In the Hess Marine case the adequacy of the director's findings was not made an issue for our review: They are in this case.
For the reasons above stated we do not now direct rescission as we did in Hess Marine, Inc. v. Calvin, supra, but we remand with directions that an appropriate final order be entered which shall contain specific findings of fact based upon the evidence adduced at the hearing before Respondent. Should such not be accomplished forthwith then this Court will, upon appropriate petition, reconsider its failure to here and now direct rescission of the challenged license.
It is so ordered.
RAWLS, C.J., and JOHNSON, J., concur.