308 So.2d 199 (1974)
BILL KELLEY CHEVROLET, INC., et al., Petitioners,
v.
John D. CALVIN, Director of the Division of Motor Vehicles of the Department of Highway Safety and Motor Vehicles of the State of Florida, et al., Respondents.
No. U-145.
District Court of Appeal of Florida, First District.
December 31, 1974.
*200 S. William Fuller, Jr., Quinton, Leib & Lummus, Miami, for petitioners.
Charles Knott, Tallahassee, Herman Grayson, Miami Beach, Joseph C. Jacobs and Howard C. Holtzendorf, Ervin, Varn, Jacobs & Odom, Tallahassee, for respondents.
J. Robert McClure, Jr., McClure & Wigginton, Tallahassee, as amicus curiae.
BOYER, Judge.
We here consider Petitioners' petition for writ of certiorari seeking review of an order of the director of the Division of Motor Vehicles of the Department of Highway Safety and Motor Vehicles of the State of Florida dated August 15, 1973 granting an application of Marshall Berwick for a motor vehicle dealers license to act as a Chevrolet franchised dealer pursuant to Chapter 320 Florida Statutes.
Prior to the granting of the license here challenged, there were twelve licensed franchised Chevrolet dealers in the Miami Multiple Dealer Area. That area encompasses most of Dade and Broward Counties.
Following a hearing, the director entered the order now sought to be reviewed in which he concluded, without any recitation or finding of facts, "that while the presently licensed franchised dealers have complied with licensee's agreements they are not providing adequate representation in the community or territory for such licensee, and that it would be unreasonable and arbitrary to deny a license to the applicant."
Petitioners contend that to justify the granting of an application for a license the director must find that the presently licensed franchised motor vehicle dealer or dealers have failed to comply with licensee's agreements and that they are not providing adequate representation in the community or territory for such licensee. We do not agree with such interpretation of the statute. It is clear that the legislature, in passing that statute, intended that the director be permitted to grant an application for a license if the presently licensed franchised dealer or dealers have failed to comply with licensee's agreements or that they were not providing adequate representation in the community or territory for such licensee. A finding of either is a sufficient basis for the granting of an application.
However, as above recited, the director failed to make any findings of fact.
It is impossible for us to determine from the record exactly what the director did "find". As examples, there appears in the evidence a "Chevrolet Car and Standard Truck Dealer Sales and Service Agreement", and a "Primary Area of Responsibility Supplement to Chevrolet Car and Standard Truck Dealer Sales and Service Agreement". The latter specifically provides that "the Primary Area of Responsibility of Dealer" shall be as therein specifically described. The description includes virtually all of Broward and Dade Counties. The latter exhibit concludes with the following language:
"Any change in the Primary Area of Responsibility of Dealer described above may be effected during the term of the Chevrolet Dealer Sales and Service Agreement only by mutual agreement between Dealer and Chevrolet that shall be reflected in a new and superseding Primary Area of Responsibility Supplement to be executed by Chevrolet Motor Division, General Motors Corporation, and Dealer."
The director failed to make any finding that the "Primary Area of Responsibility of Dealer" is the same as, or different from, "the community or territory" referred to in F.S. 320.642. Neither is there any finding as to whether "the term of the Chevrolet Dealer Sales and Service Agreement" had expired or whether it was yet in *201 full force and effect. There is no finding as to any mutual agreement between the dealer and Chevrolet as to any change in the primary area of responsibility. The importance of such findings are apparent from a reading of the concluding paragraph of the supplement as above quoted: Obviously, if "the term of the Chevrolet Dealer Sales and Service Agreement" had not expired and if "the Primary Area of Responsibility of Dealer" as described in the supplement was the "community or territory" of the presently licensed franchised motor vehicle dealer or dealers then by virtue of the contract, as distinguished from an interpretation of Chapter 320 Florida Statutes apart from the contract, the "Primary Area of Responsibility" could not be changed without resulting in a breach of the contract. (We do not here hold that the director is bound by the contract, nor do we hold that he is not; but we do hold that such is a material fact which should be shown to have been at least considered by the director.) These are but examples, and are not exclusive. The record reveals many other issues of fact which should have been resolved by appropriate findings. It is impossible for this Court to intelligently resolve the issues before it and review the order here challenged without the director having first made the findings of fact mandated by the Administrative Procedure Act, Chapter 120 Florida Statutes, and the applicable portions of Chapter 320 Florida Statutes. (See McCulley Ford, Inc. v. Calvin, 308 So.2d 189, opinion filed this date, and Lynch-Davidson Motors, Inc. v. Calvin, 308 So.2d 197, opinion filed this date, and the several cases cited therein.) Further, without such findings we cannot determine the sufficiency of the evidence to support same, which is one of the issues here presented.
Accordingly, we relinquish jurisdiction for 20 days for the purpose of the director making such findings of fact and entering such further orders as may be appropriate in light of the evidence adduced at the hearing held before him. We will thereupon further consider the points raised and argued in the briefs filed herein which have not herein been ruled upon. Needless to say, should no such findings be promptly entered and filed herein as a supplement to the record we will, upon appropriate petition, resume jurisdiction and reconsider our failure to here and now direct rescission of the challenged license.
It is so ordered.
RAWLS, C.J. and SPECTOR, J., concur.