338 So.2d 542 (1976)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, DIVISION OF DRIVER LICENSES, Appellant,
v.
Roland Edwards ADAMS, Appellee.
No. AA-409.
District Court of Appeal of Florida, First District.
October 6, 1976.
Rehearing Denied November 15, 1976.
*543 Edwin E. Strickland, Tallahassee, and Enoch J. Whitney, for appellant.
Barry L. Zisser of Zisser & Robison, Jacksonville, for appellee.
McCORD, Judge.
Appellant, the State of Florida Department of Highway Safety and Motor Vehicles, Division of Driver Licenses, appeals a final judgment which granted petition for writ of certiorari brought by appellee Roland Adams from an order entered by appellant denying appellee's motion for reinstatement of his driver's license. The final judgment directed appellant to reinstate the license.
Appellant contends that the circuit court erred by failing to dismiss appellee's petition for certiorari upon the ground that the circuit court lacked jurisdiction. We agree. By appellant's order of April 10, 1973, appellee's driving privilege in the State of Florida was revoked effective April 15, 1973, pursuant to § 322.27(5), Fla. Stat. (1972 Supp.), by virtue of his having been convicted of 15 moving traffic offenses within a five year period. Appellee later seeking reinstatement applied for and was granted an administrative hearing which was held on September 5, 1975. Thereafter on September 17, 1975, the reviewing board of appellant denied reinstatement. Appellee was advised of the action of the reviewing board by a form issued by appellant on September 17, 1975, which set out the action taken by the board. Thereafter, appellee's attorney corresponded with appellant inquiring as to the basis for the determination by appellant of the denial of the reinstatement. On October 28, 1975, appellee filed petition for writ of certiorari in the Circuit Court of Duval County "seeking review of the order of revocation."
As above stated, the order of revocation was issued on April 10, 1973. Final agency action on reinstatement occurred on September 17, 1975, when appellant's reviewing board denied reinstatement. Fla. App. Rule 4.5c requires that application for writ of certiorari be filed in the court within 30 days from the rendition of the decision, order, judgment or decree sought to be reviewed. Appellee's petition for writ of certiorari was not filed in the Circuit Court of Duval County until 41 days after the final decision of appellant. The time period allowed by the rule for filing the petition is jurisdictional. Powell v. Civil Service Board of Escambia County, 154 So.2d 917 (Fla.App. 1, 1963). The circuit court lacked jurisdiction to consider the case.
The trial court, in its final judgment found that the "final order" did not "include findings of fact and conclusions of law separately stated" and that there were no "concise and explicit statement of the underlying facts of record which support the findings" as is required by § 120.59, Fla. Stat. (1975), (the Administrative Procedure Act). We have heretofore ruled, in cases where the petition for certiorari was timely filed, that findings of fact based upon the evidence must be made. McCulley Ford, Inc. v. Calvin, 308 So.2d 189 (Fla.App. 1, 1975); Lynch-Davidson Motors, Inc. v. *544 Calvin, 308 So.2d 197 (Fla.App. 1, 1975); Bill Kelley Chevrolet, Inc. v. Calvin, 308 So.2d 199 (Fla.App. 1, 1974). In this case, however, the court was without jurisdiction to rule upon the question.
§ 120.68, Fla. Stat. (1975), (the Administrative Procedure Act) provides in part as follows:
"(1) A party who is adversely affected by final agency action is entitled to judicial review. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.
(2) Except in matters for which judicial review by the supreme court is provided by law, all proceedings for review shall be instituted by filing a petition in the district court of appeal in the appellate district where the agency maintains its headquarters or where a party resides."
In apparent conflict with the above statute, § 322.31, Fla. Stat. (1975), provides as follows:
"The final orders and rulings of the department [of Highway Safety and Motor Vehicles] wherein any person is denied a license, or where such license has been cancelled, suspended or revoked, shall be reviewable in the manner and within the time provided by the Florida appellate rules only by a writ of certiorari issued by the circuit court in the county wherein such person shall reside, in the manner prescribed by the Florida appellate rules."
The parties did not question whether or not under the above statute the circuit court had jurisdiction to entertain a petition for writ of certiorari from an order of appellant. Since we are quashing the judgment on other grounds and the point was not raised by the parties, we make no ruling thereon but will leave the question to be raised in a proper case.
Writ of certiorari is granted and final judgment is quashed.
SMITH, J., concurs.
BOYER, C.J., concurs specially.
BOYER, Chief Judge (concurring specially).
I am of the view that actions of appellant misled appellee's attorney and lulled him into a sense of security which resulted in the untimely filing now complained of. Nevertheless, the issue before us is one of jurisdiction, over which neither we nor the Circuit Court have control. I, accordingly, concur in the result reached for the reasons stated in the majority opinion.