PER CURIAM.
Summary judgment .was properly granted where the appellant admitted that he did not file for certiorari review in the court below of his dismissal from employment with the county within the 30 day period required.[1] Appellate review was solely authorized in this instance by petition for writ of certiorari. See Code of Metropolitan Dade County, Florida Section 2-47 (1978). Appellant’s failure to file his petition within the time period prescribed deprived the circuit court of jurisdiction to review his order of dismissal. Overstreet v. Davis, 219 So.2d 34 (Fla.1969); Lazenby v. Seaboard Life Ins. Co., 224 So.2d 288 (Fla.1969); State of Florida, Department of Highway Safety and Motor Vehicles v. Joannou, 353 So.2d 164 (Fla.3d DCA 1977), cert. dismissed, 355 So.2d 515 (Fla.1978); State Department of Highway Safety v. Adams, 338 So.2d 542 (Fla.1st DCA 1976); Flinchblaugh v. Burton, 312 So.2d 827 (Fla.4th DCA 1975), cert. dismissed, 317 So.2d 769 (Fla.1975).
That count in the complaint demanding compensatory damages for wages withheld during appellant’s period of suspension was properly barred by the statute *494 of limitations. See Section 95.11(4)(c), Florida Statutes (1977).
We have carefully considered the appellant’s remaining points on appeal and find them to be without merit.
Affirmed.

. Fla.R.App.P. 9.100(c); Fla.App.R. 4.5(c), 1962 Revision. The 1962 revision of the appellate rules, which was in effect at the time appellant was entitled to seek certiorari review, governs this appeal.