372 So.2d 985 (1979)
TEXAS SKAGGS, INC., a Foreign Corporation, and Texas Albertsons, Inc., a Foreign Corporation, Appellants,
v.
Patricia S. JOANNIDES and Minas Joannides, M.D., Her Husband, Appellees.
No. 78-1225.
District Court of Appeal of Florida, Second District.
July 6, 1979.
*986 John W. Williams, J. Scott Brasfield and Jeffrey R. Fuller of Williams, Brasfield & Wertz, St. Petersburg, for appellants.
John M. Edman of Meros, Coit, Edman, Meros & Smith, St. Petersburg, for appellees.
SCHEB, Judge.
Defendants, owners of a retail store, were found not liable in a suit for malicious prosecution arising out of their employee's arrest of a customer for shoplifting. Where no other wrongful act of the employee was alleged, can defendants still be held liable to the customer for the negligent hiring, training and retention of the employee? We hold that the employer cannot be held liable under these circumstances and reverse the trial court's judgment in favor of the customer.
On January 6, 1977, while shopping in a St. Petersburg retail store owned by Texas Skaggs, Inc., and Texas Albertsons, Inc. (Skaggs-Albertsons), Patricia S. Joannides was arrested by James Owens, the store's security guard, and charged with the shoplifting of a meat thermometer. Mrs. Joannides denied any wrongdoing. Nevertheless, Owens called police who booked Mrs. Joannides and released her on bond. She was subsequently tried for petit larceny and found not guilty.
Thereafter, Mrs. Joannides and her husband Minas Joannides, M.D., sued defendants, Skaggs-Albertsons for compensatory and punitive damages. The Joannides' amended complaint set forth three counts. They charged malicious prosecution of Mrs. Joannides by Skaggs-Albertsons in Count I, and negligence by Skaggs-Albertsons in hiring, training and retaining the guard in Count II. In Count III, Dr. Joannides set forth a derivative claim against the defendants.
Upon conclusion of a jury trial, the court struck the claim for punitive damages as to Count II. Then, over Skaggs-Albertsons' objection, the trial judge gave the jury special verdict instructions which included the following:
THE COURT: This is entitled Special Verdict Form, please answer the following questions as indicated.
Question number one, did Texas Skaggs Inc. and Texas Albertsons Inc. maliciously prosecute Patricia S. Joannides?
If your answer is no, go no further on question one and move to question two. (The court then gave instructions in case of an affirmative answer. Since the jury answered question one negatively, the instructions are irrelevant to this opinion and have been deleted.)
2. Were the defendants, Texas Skaggs Inc., and Texas Albertsons Inc., negligent in the hiring, training or retention of James Owens?
If your answer to question 2 is yes, please answer the following:
A, we find Patricia Joannides is entitled to compensatory damages in the amount of, blank.
B, we find that Minas Joannides is entitled to compensatory damages for the loss of his wife's services, comfort, society and attentions in the amount of, blank.
C, we find that Minas Joannides is entitled to compensatory damages for his bodily injury resulting pain and suffering and disability in the amount of, blank.
On the basis of conflicting evidence, the jury found that Skaggs-Albertsons had not maliciously prosecuted Mrs. Joannides. Nevertheless, applying the court's special verdict instructions, the jury rendered a verdict of $170,000 for Mrs. Joannides on the negligent hiring, training or retention *987 count, and awarded her husband $30,000 on his derivative claim.
Count II merely realleged the charges of Count I and added the allegation that Skaggs-Albertsons was negligent in employing, training and retaining Owens as a security guard. There was no allegation that defendants' agent, Owens, committed any tort or wrongful act other than malicious prosecution.
In their challenge to the final judgment Skaggs-Albertsons emphasizes that the only tort with which it was charged, based on the actions of its agent, was malicious prosecution. Consequently, they argue, once the jury found that this tort had not been committed, it could not, as a matter of law, have found Skaggs-Albertsons liable for negligently hiring, training or retaining the guard.
Despite the verdict exonerating Skaggs-Albertsons of malicious prosecution, the Joannides argue that there was sufficient evidence from which the jury could have found the defendants liable for negligently hiring, training or retaining the guard. This, they say, constituted a tort independent of malicious prosecution.
The Joannides are correct in their position that Florida recognizes negligent hiring, training or retention as legitimate bases of recovery against an employer. Mallory v. O'Neil, 69 So.2d 313 (Fla. 1954); Petrick v. New Hampshire Insurance Co., Case No KK-35 (Fla. 1st DCA, opinion filed May 31, 1979); McArthur Jersey Farm Dairy, Inc. v. Burke, 240 So.2d 198 (Fla. 4th DCA 1970). Skaggs-Albertsons argues, and we agree, however, that in order to impose liability on an employer for such torts, a plaintiff must first show that he was injured by the wrongful act of an employee. See Lange v. B & P Motor Express, Inc., 257 F. Supp. 319 (N.D.Ind. 1966); cases cited at 53 Am.Jur.2d Master and Servant § 422 (1970).
Here there was no allegation of any tort committed by the guard other than malicious prosecution. Therefore, it was error for the court to have instructed the jury that, even if they should find that Skaggs-Albertsons did not maliciously prosecute Mrs. Joannides, they could still find Skaggs-Albertsons liable for negligently hiring, training or retaining the guard.
Accordingly, we vacate the judgment.
REVERSED.
GRIMES, C.J., and DANAHY, J., concur.