460 So.2d 571 (1984)
Mildred MAYO, Appellant,
v.
HIGHLAND PARK HOSPITAL CORP., Appellee.
No. 84-1753.
District Court of Appeal of Florida, Third District.
December 18, 1984.
Richard D. Katz, Coral Gables, for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Sherryll Martens Dunaj, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
SCHWARTZ, Chief Judge.
The trial court properly dismissed Mayo's claims against her former employer (a) for wrongful discharge because no such action lies when, as here, the employment is terminable at will, DeMarco v. Publix Super Markets, Inc., 384 So.2d 1253 (Fla. 1980); Maguire v. American Family Life Assurance Co. of Columbus, Ga., 442 So.2d 321 (Fla. 3d DCA 1983), pet. for rev. denied, 451 So.2d 849 (Fla. 1984), and cases cited; and (b) for personal injuries because of the exclusivity of worker's compensation, Sec. 440.11, Fla. Stat. (1981); Ivy H. Smith Co. v. Kates, 395 So.2d 263 (Fla. 1st DCA 1981). Since the defendant is therefore not liable to the plaintiffs upon the asserted causes of action, it does not matter if, as Mayo contends, it negligently hired the co-employee she contends was personally responsible for her misfortunes. See Texas Skaggs, Inc. v. Joannides, 372 So.2d 985 (Fla. 2d DCA 1979), cert. denied, 381 So.2d 767 (Fla. 1980).
Affirmed.