464 So.2d 605 (1985)
Rocco LOGOZZO, II, Appellant,
v.
KENT INSURANCE COMPANY, Appellee.
No. 84-1326.
District Court of Appeal of Florida, Third District.
February 26, 1985.
*606 Lawrence M. Malman, Coral Gables, for appellant.
Lee, Schulte, Murphy & Coe and Jack Coe, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
SCHWARTZ, Chief Judge.
The plaintiff-appellant Logozzo was shot in a lovers' dispute at a motel by one John Baiamonte, Jr. Logozzo sued Baiamonte; his employer, J.B.B. Enterprises, Inc., the operator of several restaurants whose principal was Baiamonte's father, and J.B.B.'s liability insurer, the present appellee, Kent Insurance Company. Although it was admitted that Baiamonte was not acting within the scope of his employment and that he, not the company, owned the firearm used in the incident, the trial judge denied J.B.B.'s motion for summary judgment[1] apparently on the theory that it might be liable for the senior Baiamonte's negligence in instructing his son, whom he allegedly should have known was prone to misuse it, to carry a gun while taking money from the restaurants to the bank. This is what he was doing when he deviated from his route, went to the motel, and shot Logozzo. For some reason, however, Kent's motion for summary judgment on the ground of no coverage was simultaneously and, we think, inconsistently granted. The plaintiff has taken this appeal from that judgment.[2]
We agree that, since the tortious act in question was committed neither in the course of Baiamonte's employment with J.B.B. Enterprises nor in breach of any duty owed the plaintiff by the corporation, there is no discernible basis for imposing substantive liability upon J.B.B. either on a "negligent hiring" or any other theory. Mayo v. Highland Park Hospital Corp., 460 So.2d 571 (Fla. 3d DCA 1984); Texas Skaggs, Inc. v. Joannides, 372 So.2d 985 (Fla. 2d DCA 1979), cert. denied, 381 So.2d 767 (Fla. 1980); Friedman v. Mutual Broadcasting System, Inc., 380 So.2d 1313 (Fla. 3d DCA 1980), cert. denied, 388 So.2d 1112 (Fla. 1980); see McArthur Jersey Farm Dairy, Inc. v. Burke, 240 So.2d 198 (Fla. 4th DCA 1970).
Nevertheless, the obligation of a liability insurer  particularly with respect to the duty to defend, which is the only one presently involved[3]  is not determined by *607 the actual liability of the insured but rather by whether the alleged basis of the action against it falls within the coverage provided by the policy. Accredited Bond Agencies, Inc. v. Gulf Ins. Co., 352 So.2d 1252 (Fla. 1977). If this is the case, the carrier must defend even if the claim is factually incorrect, e.g., St. Paul Fire and Marine Ins. Co. v. Thomas, 273 So.2d 117 (Fla. 4th DCA 1973), cert. denied, 282 So.2d 638 (Fla. 1973), or, as seems true here, legally unsound. Klaesen Bros., Inc. v. Harbor Ins. Co., 410 So.2d 611 (Fla. 4th DCA 1982); Linderman v. American Home Assurance Co., 414 So.2d 1124 (Fla. 2d DCA 1982); see generally, Annot., Allegations in third person's action against insured as determining liability insurer's duty to defend, 50 A.L.R.2d 458 (1956). The relevant portion of the policy issued to J.B.B. insures it against liability for injuries
to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises, and all operations necessary or incidental to the business of the named insured, conducted at or from the insured premises.
It seems clear to us that the asserted ground of the action still and presently pending against the insured is that the occurrence "aris[es] out of ... operations necessary or incidental to [its] business, conducted at or from the insured premises"  that is, an alleged impropriety in directing and instructing its employee in the carrying out of the corporate business. Klaesen Bros. Inc., supra; Linderman, supra. Under the principles we have set forth, the summary judgment in Kent's favor was therefore erroneously entered. It is accordingly vacated and the cause is remanded for further proceedings consistent herewith.
Vacated, remanded with directions.
NOTES
[1] That order is not appealable.
[2] We note the existence of, but think we need not resolve the question of whether the injured claimant  as opposed to the insured, J.B.B., which has not appealed  has standing to contend, as we hold without reaching the duty to pay, see note 3, infra, that the carrier must defend the pending action. See Linderman v. American Home Ins. Co., infra, in which the procedural status of the case was apparently identical to the present one.
[3] We do not now and, in light of what we have said, do not anticipate that we will in the future be required to determine the extent, on these facts, of the carrier's separate duty to indemnify.