PARIENTE, J.,
concurring.
The majority focuses on the standards of appellate review of a zoning decision regarding a special exception, relying on our previous decision in Florida Power & Light Co. v. City of Dania, 761 So.2d 1089 (Fla.2000). See majority op. at 1273-74. I write to make several observations about the nature of that appellate review, given that we begin with the premise that the reviewing court should give deference to the “agency’s superior technical expertise and special vantage point.” Id. at 1276.
The majority explains that the role of the circuit court, as the first-tier reviewing body, is to “review the record to assess the evidentiary support for the agency’s decision.” Id. I have no difficulty with the notion that the circuit court as a reviewing body should defer to the agency’s superior expertise and vantage point. However, I share Judge Zehmer’s observations in Irvine v. Duval County Planning Commission, 466 So.2d 357, 366 (Fla. 1st DCA 1985) (Zehmer, J., dissenting), as to the commensurate obligations of the agency to make written findings of fact and the reason for those obligations:
To meet due process requirements, it is necessary that the agency set out detailed facts found from the evidence so that a court authorized to review the matter on certiorari can first determine whether or not the facts found by the agency constitute lawful grounds for its action and, then, determine whether the evidence supports the finding — ‘Without [detailed findings], the reviewing court would be compelled to grope in the dark and to resort to guess-work- as to what facts the Board had found to be true and what facts alleged were not found to be *1277 true.” Laney v. Holbrook, 150 Fla. 622, 8 So.2d [465,] 468 [ (Fla.1942) ]; Hickey v. Wells, 91 So.2d [206,] 210 [ (Fla. 1957) ]; Powell v. Board of Public Instruction of Levy County, 229 So.2d [308,] 311-312 [ (Fla. 1st DCA 1970).]. It is not sufficient that the cited findings merely be general conclusions in the language of the statute or ordinance because such conclusions provide no way for the court to know on judicial review whether the conclusions have sufficient foundation in findings of fact. E.g., City of Apopka v. Orange County, 299 So.2d 657 (Fla. 4th DCA 1974); McCulley Ford, Inc. v. Calvin, 308 So.2d 189 [(Fla. 1st DCA 1974)]; Lynch-Davidson Motors, Inc. v. Calvin, 308 So.2d 197 (Fla. 1st DCA 1975); Bill Kelley Chevrolet, Inc. v. Calvin, 308 So.2d 199 (Fla. 1st DCA 1974). Furthermore, requiring detailed findings of fact is manifestly helpful in assuring that administrative decisions are not the result of improper considerations.
The foregoing essential requirements of due process are now specifically required by chapter 120 and other provisions of Florida Statutes applicable in administrative proceedings.... Even though no statutory or ordinance provision specifically directed the Planning Commission to comply with these well-established rules of administrative law, these rules have their origin in constitutional due process concepts and set the minimum requirements of law applicable to the commission’s action in this case. Its failure to apply and faithfully adhere to these administrative principles constituted a departure from the essential requirements of law.
This Court subsequently adopted Judge Zehmer’s dissenting opinion concerning the allocations of burdens in a special exception zoning case, but the Court did not discuss Judge Zehmer’s observations concerning the necessity of written findings. See Irvine v. Duval County Planning Comm’n, 495 So.2d 167 (Fla.1986).
In this case, although the Commission provided a written resolution reversing the Zoning Appeals Board, the resolution contained no written factual findings. Although the lack of written findings is not fatal to appellate review based on this Court’s current precedent, written findings would greatly assist the reviewing court in performing its more limited appellate role. Further, if the reviewing court was able to ascertain how the agency arrived at its decision, it would avoid any temptation on the part of the reviewing court to reweigh the evidence. If the agency’s factual findings were legally sufficient to support a given decision and were supported by competent substantial evidence in the record, there would be no necessity for the reviewing court to explore the record to attempt to find what facts do support the agency’s decision.
In this case, I would further point out that the circuit court sat in a three-judge panel that produced a reasoned and detailed majority and dissent. This in turn facilitated the more limited second-tier review of the Third District as well as this Court’s review of the Third District’s decision. We previously have noted the disparity of the practices among circuits and referred this matter to the Rules of Judicial Administration Committee for study. See Florida Power & Light, 761 So.2d at 1094. In light of the far-reaching impact of zoning decisions, we should not continue to sanction a statewide system that allows a single circuit judge to have the identical appellate reviewing authority as a three-judge panel and that also requires the district court of appeal to accord the identical deference to the circuit court’s decision regardless of whether the decision *1278 was made by a one-judge or three-judge court.
ANSTEAD and LEWIS, JJ., concur.