862 So.2d 852 (2003)
Ronald WALTON, Appellant,
v.
HEALTH CARE DISTRICT OF PALM BEACH COUNTY, FLORIDA, Appellee.
No. 4D02-1173.
District Court of Appeal of Florida, Fourth District.
December 10, 2003.
*853 Carey E. Klein and John N. Buso, West Palm Beach, for appellant.
Rachelle R. McBride and Jay T. Jambeck of Sachs, Sax & Klein, P.A., Boca Raton, for appellee.
STEVENSON, J.
Appellant, Ronald Walton, was hired by the Health Care District of Palm Beach County (the "District") to work as a registered nurse at the Palm Beach County Home. After Walton was dismissed from his position, he filed a three-count complaint against the District for wrongful termination (count I), violation of due process (count II) and violation of the Fair Labor Standards Act (count III). The trial court dismissed all three counts with prejudice on the ground that the only remedy available to Walton was to file a petition for writ of certiorari seeking review of the termination decision and the time for filing the petition had passed. We reverse the dismissal with prejudice as to counts I and III and affirm the dismissal of count II.
Before addressing the viability of Walton's individual causes of action, it is first necessary to consider the notion that certiorari was the only remedy available to Walton and that he could not bring an *854 independent cause of action. In his complaint, Walton alleged that he received a written notice pursuant to the District's internal personnel policy advising him of the District's intentions to dismiss him for "continued negligence and misconduct." Walton then wrote a rebuttal letter to Barbara Landy, chief administrator of the District. After what Walton alleges was an "inadequate and unfair hearing" before Ms. Landy, Walton was fired. The District contends that since Walton is a government employee terminated as the consequence of a quasi-judicial proceeding, his sole recourse was to seek review of the termination decision by filing a petition for writ of certiorari within thirty days.
The District did not cite any authority directly on point for the proposition that a public employee cannot maintain an independent cause of action concerning his termination.[1] Our research has revealed case law holding that if a public employee has availed himself of available administrative procedures and been afforded a quasi-judicial hearing, then he may not file an independent action collaterally attacking the employer's decision, see Bass v. Metro Dade County Dep't of Corr. & Rehab., 798 So.2d 835 (Fla. 3d DCA 2001); the remedy in that instance would be to seek review of the employer's decision in the circuit court sitting in its appellate capacity. See City of Miami Springs v. Barad, 448 So.2d 510 (Fla. 3d DCA 1983). Consequently, the question that is determinative of Walton's ability to maintain an independent cause of action is whether the District's decision to terminate him was quasi-judicial.
The District argues that its termination decision was quasi-judicial, citing the allegations in Walton's complaint that he was afforded notice and a hearing. Whether a termination decision is quasi-judicial turns, however, not upon whether the employee was provided notice and a hearing, but, instead, upon whether the employee was entitled to such notice and hearing. See Terry v. Bd. of Trs. of City Pension Fund, 854 So.2d 273, 275 (Fla. 4th DCA 2003); see also Anoll v. Pomerance, 363 So.2d 329, 331 (Fla.1978)(stating that "a judgment becomes judicial or quasi-judicial, as distinguished from executive, when notice and hearing are required and the judgment of the board is contingent on the showing made at the hearing")(emphasis added); Vazquez v. Hous. Auth. of City of Homestead, 774 So.2d 813 (Fla. 3d DCA 2000)(holding that the City's voluntarily affording employee counsel and a hearing did not render the executive director's demotion decision quasi-judicial); Bldg.Code Advisory Bd. v. S. Bldg. Prods., Inc., 622 So.2d 10, 13 (Fla. 4th DCA 1993)(holding that the fact that advisory board afforded a hearing with "some of the trappings of a formal hearing" did not make the board's decision quasi-judicial as there was no requirement for notice or a hearing).
The Health Care District of Palm Beach County is a special taxing district created by special law that operates solely within Palm Beach County. See Ch. 87-450, at 68-86, Laws of Fla. The parties have not cited nor have we found any statute or ordinance requiring that an employee of a special taxing district be afforded notice and an opportunity to be heard prior to termination. Consequently, we must conclude *855 that the District's decision to dismiss Walton was not quasi-judicial. Cf. Stansberry v. City of Lake Helen, 425 So.2d 1157, 1158 (Fla. 5th DCA 1982)(holding that since there were no civil service laws or other ordinances requiring notice of, or a hearing on, the discharge of a city employee, any determination to discharge the petitioner, a city book-keeper, was a "legislative or executive action, not quasi-judicial," and thus not subject to certiorari review).
Because the District's termination decision was not quasi-judicial in nature and Walton is not barred from maintaining an independent cause of action concerning his dismissal, the issue then becomes whether the allegations of Walton's complaint were sufficient to state a cause of action and, if not, whether they could be cured by amendment.
In order to state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief. A court may not go beyond the four corners of the complaint and must accept the facts alleged therein and exhibits attached as true. All reasonable inferences must be drawn in favor of the pleader. "Whether a complaint is sufficient to state a cause of action is an issue of law. Consequently, the ruling on a motion to dismiss for failure to state a cause of action is subject to de novo standard of review."
Lost Tree Vill. Corp. v. City of Vero Beach, 838 So.2d 561, 569 (Fla. 4th DCA 2002)(quoting Taylor v. City of Riviera Beach, 801 So.2d 259, 262 (Fla. 4th DCA 2001) (citations omitted)).
In count I, Walton seeks to state a cause of action for wrongful termination. In dismissing Walton's complaint with prejudice, the trial court found that Walton was an "at will" employee. Under Florida law, if Walton is indeed an "at will" employee, then he can be terminated for any or no reason and, thus, as a matter of law could not state a cause of action for wrongful termination. See Mayo v. Highland Park Hosp. Corp., 460 So.2d 571 (Fla. 3d DCA 1984). For his part, Walton does not challenge this proposition of law, but, instead, argues that the trial court improperly went beyond the four corners of the complaint in making this determination.
Walton alleged in count I that on December 13, 1999, he was hired by the District to work as a registered nurse. The complaint further alleges that Walton was employed under "an oral agreement," was a "non-probationary, permanent employee" and that the terms of his employment are governed by the District's policies and procedures manual. The allegations regarding the oral agreement and his "permanent" status do not serve to take Walton outside of "at will" employment status. See Muller v. Stromberg Carlson Corp., 427 So.2d 266 (Fla. 2d DCA 1983); see also Gibbs v. H.J. Heinz Co., 536 So.2d 370 (Fla. 5th DCA 1988); Bryant v. Shands Teaching Hosp. & Clinics, Inc., 479 So.2d 165, 167 n. 2 (Fla. 1st DCA 1985). Walton's allegations that the terms of his employment are governed by the District's policies and procedures manual are, however, a different matter.
While Florida's courts have expressed a decided reluctance to find that provisions in an employee handbook or policies and procedures manual rise to the level of enforceable contract rights, the courts have acknowledged it is possible for such handbooks or manuals to create enforceable rights if there is "language in the employee manual expressly providing that the manual constitutes a separate employment agreement" or the parties have reached a mutual agreement to this effect. Quaker Oats Co. v. Jewell, 818 So.2d 574, 578 (Fla. *856 5th DCA 2002), review denied, 837 So.2d 410 (Fla.2003). As written, the allegations of Walton's complaint do not indicate that there was express language in the employee handbook or policies and procedures manual which would make the manual a separate employment agreement with termination appropriate only upon the conditions stated. Thus, the trial court correctly dismissed count I. Nevertheless, since Walton has not yet been afforded even a single opportunity to amend his complaint to state a cause of action for wrongful termination, we hold that the dismissal with prejudice was in error and that he should be afforded such opportunity on remand.
In count II, Walton attempts to state a federal procedural due process claim predicated upon an alleged deprivation of a property and liberty interest.[2] Even assuming that Walton can amend his complaint to allege that the language of the policies and procedures manual gives rise to a property interest in his employment[3] and that he has alleged the essential elements of a cause of action for deprivation of a liberty interest,[4] Walton cannot state a federal procedural due process claim if adequate state remedies are available to him. See Cotton v. Jackson, 216 F.3d 1328 (11th Cir.2000); McKinney v. Pate, 20 F.3d 1550, 1562-64 (11th Cir. 1994). Adequate state remedies are available to Walton.
We acknowledge that neither an appeal nor certiorari review are available to Walton to challenge a quasi-executive decision of an administrative body. The Health Care District of Palm Beach County is a special taxing district created by special law and, consequently, is not an "agency" within the meaning of the Administrative Procedure Act (APA), rendering an appeal to the district courts of appeal unavailable. See Eckert v. Bd. of Comm'rs of N. Broward Hosp. Dist., 720 So.2d 1151 (Fla. 4th DCA 1998). The circuit court's appellate jurisdiction is limited to "administrative action if provided by general law," see Fla. R.App. P. 9.030(c)(1)(C), and "administrative action" is limited to agency action under the Administrative Procedure Act and quasi-judicial decisions of administrative bodies not subject to the APA, see Fla. R.App. P. 9.020(a).
*857 Nevertheless, a suit for declaratory or injunctive relief is available for Walton to challenge the District's actions:
"[W]here agencies and boards have acted in a quasi-executive or quasi-legislative capacity, the proper method of attack is a suit in circuit court for declaratory or injunctive relief on grounds that the action taken is arbitrary, capricious, confiscatory or violative of constitutional guarantees."
Bldg.Code Advisory Bd., 622 So.2d at 13 (quoting Bd. of County Comm'rs of Hillsborough County v. Casa Dev. Ltd., II, 332 So.2d 651, 654 (Fla. 2d DCA 1976)); see also Cotton, 216 F.3d at 1332-33 (holding that availability of state law remedies, such as a defamation claim or declaratory judgment action, or, if neither of these were available-a writ of mandamus, precluded terminated employee from stating federal due process claim predicated upon deprivation of liberty interest). Consequently, we affirm the dismissal with prejudice of count II.
Finally, in count III, Walton alleges a violation of section 215 of the Fair Labor Standards Act, which provides in relevant part:
(a) ... [I]t shall be unlawful for any person 
....
(2) to violate any of the provisions of section 206 [governing minimum wage] or section 207 [providing that if employee works more than 40 hours he must be paid overtime at rate of 1½ times regular rate] of this title ...;
(3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter ...;
....
(5) to violate any of the provisions of section 211(c) [requiring employers to make and keep records of the wages and hours worked by employees] of this title,... or to make any statement, report, or record filed or kept pursuant to the provisions of such section ... knowing such statement, report, or record to be false in a material respect.
29 U.S.C.A. § 215(a)(2)-(3), (5) (1998).
Walton's count for violation of § 215 alleged: (1) that he was advised by his supervisor that he would not be paid for overtime worked and that his time records would be manually changed to avoid payment of any overtime; (2) that he told his supervisor that such acts were a violation of the Fair Labor Standards Act and would be reported to the authorities; and (3) that shortly after this conversation, he received notice that he was going to be dismissed. Walton does not allege that he actually worked overtime and was not paid, he does not allege that the employer actually altered his time records, and he does not allege that he actually filed a complaint regarding his employer's overtime practices. Consequently, the trial court was correct in its dismissal of count III. As with count I, Walton should be afforded the opportunity to amend count III of his complaint to state a cause of action for violation of 29 U.S.C.A. § 215.
AFFIRMED in part, REVERSED in part, and REMANDED.
STONE and WARNER, JJ., concur.
NOTES
[1] The closest case cited by the District was Gow v. Dade County, 371 So.2d 493 (Fla. 3d DCA 1979). There, a county employee filed suit in circuit court after he was dismissed. The brief opinion simply affirms the trial court's entry of summary judgment on the ground that "[a]ppellate review was solely authorized in this instance by petition for writ of certiorari." Id. at 493. The only authority cited for this proposition was section 2-47 of the 1978 version of the Code of Metropolitan Dade County, Florida. Id.
[2] Because the majority of the allegations center around inadequate notice of the charges resulting in Walton's termination and an inadequate hearing, we treat his claim as one involving a violation of "procedural" due process rights. To the extent that the complaint could be read to allege a claim for violation of "substantive" due process rights, it was properly dismissed with prejudice. See City of Lauderhill v. Rhames, 864 So.2d 432, 2003 WL 22399699 (Fla. 4th DCA Oct.22, 2003); see also McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir.1994)(holding that in "non-legislative cases, only procedural due process claims are available to pretextually terminated employees").
[3] See, e.g., Nelson v. Mustian, 502 F.Supp. 698, 706 (N.D.Fla.1980)(holding that employee handbook allowing "termination for cause" gave rise to property interest in employment).
[4] See, e.g., Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1042 (11th Cir.1989), where the court stated that

Due process protection from deprivations of liberty extend beyond the sort of formal constraints imposed by the criminal process. Although the Supreme Court has not defined "liberty" with any great precision, that term is not confined to mere freedom from bodily restraint.
The court went on to recognize that a public employee's constitutionally protected "liberty" interest may be impinged where the employing governmental unit, in taking adverse action, publicly and falsely attaches a "badge of infamy" to the employee without a reasonable opportunity for name clearing. Id.