[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14044
Non-Argument Calendar
_____

D. C. Docket No. 2:11-cv-00631-UA-SPC

WILLIAM DONNELL,

                                                        Plaintiff-Appellant,

    versus

LEE COUNTY PORT AUTHORITY,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
For the Middle District of Florida
_____

(February 15, 2013)

Before MARCUS, KRAVITCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

William Donnell appeals the dismissal, pursuant to Fed.R.Civ.P. 12(b)(6), of his complaint for failure to state a claim.  In Florida, Donnell worked for Defendant Lee County Port Authority ("LCPA") as a non-unionized public employee.  After receiving anonymous complaints about Donnell's conduct, LCPA suspended Donnell for three days and then demoted him.  Donnell filed this suit against LCPA, asserting claims for due process, equal protection, and first amendment violations.  No reversible error has been shown; we affirm.

We review a district court's ruling on a Rule 12(b)(6) motion to dismiss de novo, accepting all well-pleaded facts in the complaint and all reasonable inferences drawn from those facts as true.  McGinley v. Houston, 361 F.3d 1328, 1330 (11th Cir. 2004).  To survive dismissal for failure to state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quotations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.  Mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

2

The general rule under Florida law is that -- absent a statute, ordinance, or contract providing otherwise -- employees who are employed for an indefinite term are at-will employees who may be terminated for any reason at any time.  See Smith v. Piezo Tech. & Prof'l Adm'rs, 427 So. 2d 182, 184 (Fla. 1983); Moser v. Barron Chase Secs., Inc., 783 So. 2d 231, 236 n.5 (Fla. 2001) ("A property interest may be created by statute, ordinance or contract, as well as policies and practices of an institution").  Donnell contends that Florida's Public Employment Relations Act, Fla. Stat. § 447.201 et seq. ("PERA") gives him a property interest in his employment.

PERA implements a collective bargaining right -- created by the Florida Constitution -- and establishes procedures to be followed during such bargaining.  See Sarasota Cnty. Sch. Dist. v. Sarasota Classified/Teachers Ass'n, 614 So. 2d 1143, 1146 (Fla. 2d Dist. Ct. 1993).  That Donnell is a "public employee" within the meaning of PERA and that he is not covered under a collective bargaining agreement are undisputed.  While a collective bargaining agreement governed by PERA may create certain property interests in employment, nothing in the statute's plain language or in Florida's case law establishes that PERA -- by itself -- creates a constitutionally protected property interest in employment for public employees not covered by a collective bargaining agreement.  Because Donnell has no

3

property interest in his employment, he cannot state a claim for a due process violation.

In addition, even if we assume -- without deciding -- that Donnell had a property interest in his employment, he cannot state a federal procedural due process claim if adequate state remedies were available to him.  See McKinney v. Pate, 20 F.3d 1550, 1563, 1557 (11th Cir. 1994) (en banc).  A constitutional violation is actionable under section 1983 "only when the state refuses to provide a process sufficient to remedy the procedural deprivation."  Id.  And "the state may cure a procedural deprivation by providing a later procedural remedy."  Id. Because the Florida courts have the power to remedy Donnell's alleged loss by granting both monetary and equitable relief, an adequate state remedy was available.  See id. at 1564; Walton v. Health Care Dist., 862 So. 2d 852, 856-57 (Fla. 4th Dist. Ct. App. 2003).  Thus, Donnell cannot show a violation of his federal procedural due process rights.

Donnell also alleged that LCPA violated his equal protection rights by providing a grievance procedure for its unionized employees but not for its non-unionized employees.  To plead properly an equal protection claim, a plaintiff must allege that similarly situated persons have been treated disparately through state action.  See Thigpen v. Bibb Cnty., Ga., Sheriff's Dep't, 223 F.3d 1231, 1237 (11th Cir. 2000).  We have explained that "because of their unique status in the

4

workplace, [unionized] employees are <u>never</u> similarly situated with [non-unionized] employees." <u>Marshall v. W. Grain Co., Inc</u>., 838 F.2d 1165, 1170 (11th Cir. 1988) (emphasis in original) (denying a Title VII discrimination claim). Because Donnell cannot show that similarly situated persons were treated differently, he has failed to state an equal protection claim.

Next, Donnell alleged that LCPA's policy of denying non-unionized employees access to the "fair and equitable grievance procedure" mandated by PERA burdened his first amendment right not to associate with a union. Donnell has no federal constitutional right to be treated just as the unionized employees have bargained to be treated. And LCPA did not infringe on Donnell's First Amendment right not to join a union by entering into a collective bargaining agreement that benefited union members.

LCPA seeks sanctions against Donnell, pursuant to Fed.R.Civ.P. 38, for asserting claims that are frivolous and contrary to established law. Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee." We have imposed sanctions "against appellants who raise 'clearly frivolous claims' in the face of established law and clear facts." <u>Farese v. Scherer</u>, 342 F.3d 1223, 1232 (11th Cir. 2003).

On appeal, Donnell challenges chiefly the district court's interpretation of Florida law on an issue that has not been decided directly by the Florida courts: whether PERA creates a property interest in employment for non-unionized public employees.  Although Donnell has not prevailed on appeal, his claims are not so clearly frivolous or contrary to established law to warrant Rule 38 sanctions.

For the same reasons, we deny LCPA's motion for attorneys' fees.  See Hughes v. Rowe, 101 S.Ct. 173, 178 (1980) (explaining that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.").

Judgment is AFFIRMED; motion for damages and costs is DENIED.