275 So.2d 26 (1973)
PLANTATION DATSUN, INC., a Florida Corporation, and Nissan Motor Corporation in U.S.A., a California Corporation Authorized to Do Business in the State of Florida, Petitioners,
v.
John D. CALVIN, Director of the Division of Motor Vehicles of the Department of Highway Safety and Motor Vehicles of the State of Florida, Respondent.
No. Q-440.
District Court of Appeal of Florida, First District.
March 8, 1973.
Rehearing Denied April 12, 1973.
*27 Robert C. Sommerville, of Shutts & Bowen, Miami, Frederick W. Rose, of Young, Rose & Millspaugh, Newark, N.J., and Bruno Di Giulian, of Di Giulian & Spellacy, Fort Lauderdale, for petitioners.
Robert L. Shevin, Atty. Gen., Charles Knott, Tallahassee, and Edwin E. Strickland, Miami, for respondent.
J. Robert McClure and J. Klein Wigginton, of McClure & Wigginton, Tallahassee, and Joseph C. Jacobs of Ervin, Varn, Jacobs & Odom, Tallahassee, amicus curiae.
SPECTOR, Chief Judge.
Petitioner seeks a writ of certiorari to review an order of the Division of Motor Vehicles of the Department of Highway Safety and Motor Vehicles denying petitioner a license to operate a Datsun dealership. Section 320.641 et seq., Florida Statutes, F.S.A.
Nissan Motor Corporation is the exclusive distributor of Datsun automobiles in the United States and, as such, it franchises dealerships. There are three dealerships in Broward County, and Nissan's district manager recommended a fourth dealership in Plantation. Mr. Shovlain, the owner of Plantation Datsun, Inc., agreed to undertake the new dealership and invested money in a building and land. The three other dealers in Broward County protested the issuing of the license to operate the new dealership in accordance with § 320.642, Florida Statutes, F.S.A., and a hearing was held before the Director of Motor Vehicles. The director denied the license on the grounds that the existing dealers complied with licensee agreements and were providing adequate representation in the territory. We agree.
Section 320.642, as a part of the comprehensive statute on motor vehicle licenses, reads as follows:
"The department shall deny an application for a motor vehicle dealer license in any community or territory where the licensee's presently licensed franchised motor vehicle dealer or dealers have complied with licensee's agreements and are providing adequate representation in the community or territory for such licensee. The burden of proof in showing inadequate representation shall be on the licensee."
Petitioner attacks the constitutionality of the section and the sufficiency of the evidence to support the director's denial of his application for a license. Petitioner espouses several constitutional arguments, all of which are without merit. First, the statute is not invalid as an improper delegation of legislative power in that it clearly sets the standards that authorize the denial of the license. The legislature need not prescribe detailed rules to avoid a claim of unconstitutionality. It is *28 sufficient if the legislature declares the general policy, the public agency which is to apply it, and the boundaries of authority. McRae v. Robbins, 151 Fla. 109, 9 So.2d 284 (1942). A reading of Section 320.642, Florida Statutes, F.S.A., in the context of the entire chapter, shows that it meets the constitutional requirements for delegation of power. Secondly, the statute does not deprive petitioner of property without due process of law. It has long since been decided that the power to regulate automobile dealers as a class is within the purview of the legislature, and this power includes the power to license or deny same, Moore v. Thompson, Fla., 126 So.2d 543 (1960). The legislature is empowered to select the object of regulation. Where there is a legitimate interest to be protected and there is a rational relationship between the legislation and those interests, the courts will uphold the law. We are not empowered to substitute our judgment for that of the legislature in determining whether this class of activity should or should not be regulated. That determination lies within the domain of the legislature so long as the statute does not collide with the constitution. Thirdly, petitioner contends that the section unconstitutionally imposes the burden of proof upon the applicant. Florida law has consistently placed the burden upon the license applicant, Tropical Park v. Ratliff, Fla., 97 So.2d 169. Petitioner's last constitutional argument states that the statute violates the Fifth and Fourteenth Amendments to the United States Constitution. The Supreme Court has held that if an economic regulation has some reasonable basis, it does not offend the constitution, Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). The basis for Section 320.642 was ably expressed by the Wisconsin Supreme Court in construing a similar statute. That court stated:
"Implicit in this law is the recognition of the gross disparity of bargaining power between the manufacturer of automobiles and the local retailer. It was enacted in recognition of the long history of the abuse of dealers by manufacturers... . The purpose of the law is to furnish the dealer with some protection against unfair treatment by the manufacturer." Forest Home Dodge, Inc. v. Karns, 29 Wis.2d 78, 138 N.W.2d 214, 217, 218 (1965).
Petitioner's second argument is on the sufficiency of the evidence to uphold the director's findings. We find the record clearly shows that the existing dealers were complying with licensee's agreements and providing adequate representation.
For the foregoing reasons, the petition for writ of certiorari is denied.
CARROLL, DONALD K., and JOHNSON, JJ., concur.