322 So.2d 50 (1975)
BILL KELLEY CHEVROLET, INC., et al., Petitioners,
v.
John D. CALVIN, Etc., et al., Respondents.
No. U-145.
District Court of Appeal of Florida, First District.
October 31, 1975.
Rehearing Denied December 5, 1975.
*51 S. William Fuller, Jr., of Quinton, Leib & Lummus, Miami, for petitioners.
Charles Knott, Tallahassee, Herman Grayson, Miami Beach, and Joseph C. Jacobs, of Ervin, Varn, Jacobs & Odom, Tallahassee, for respondents.
J. Robert McClure, Jr., of McClure & Wigginton, Tallahassee, for amicus curiae.
SMITH, Judge.
Four licensed Chevrolet dealers have petitioned for review of an order entered by the Director of the Division of Motor Vehicles licensing Marshall Berwick as a franchised Chevrolet dealer in Hollywood. Sec. 120.68, F.S. 1973. Petitioners urge that the Director granted the license in violation of § 320.642, F.S. 1973, providing:
"The department shall deny an application for a motor vehicle dealer license in any community or territory where the licensee's [General Motors'] presently licensed franchise motor vehicle dealer or dealers have complied with licensee's agreements and are providing adequate representation in the community or territory for such licensee. The burden of proof in showing inadequate representation shall be on the licensee."
The Director, who made no detailed findings of fact when initially determining the matter, later supplied the essential findings at our request. Bill Kelley Chevrolet, Inc. v. Calvin, 308 So.2d 199 (Fla. App. 1st, 1974). We then held that the Director is authorized by the quoted statute to license an additional dealer in a territory in either of two circumstances: if the existing dealers have failed to comply with their franchise agreements or if the dealers are not providing adequate representation in their community or territory.
Chevrolet's franchise agreement with each of its twelve existing dealers in the Miami multiple dealer area provides that the dealer's territory of responsibility shall be virtually the entire inhabited area of Dade and Broward Counties. Because of the contiguous population and the facility of transportation and communication within the area, each of the twelve dealers has theoretical sales and service responsibilities throughout the territory, including the Hollywood area where General Motors and Berwick proposed, in this proceeding, that Berwick be licensed to operate a new agency.
Notwithstanding their coextensive privileges and responsibilities throughout the populous two-county area, each of the twelve existing dealers enjoys and is recognized by General Motors as enjoying a "geographic sales and service advantage" in the area adjacent to his dealership site. This simply means that, because of proximity and access, the Chevrolet dealer in that area is the one likely to be chosen by that area's consumer population for Chevrolet sales and service.
On substantial evidence submitted by General Motors and Berwick, the Director held that none of the existing twelve dealers is close enough to the Hollywood population center to exploit a geographic advantage there, although several dealers enjoy business emanating from that area. The Director also found that the existing twelve are in full compliance with their agreements with General Motors, that each well and vigorously represents General Motors within the area of its geographic advantage and that the collective performance of all twelve provides Chevrolet more than satisfactory representation in the two-county metropolitan area, compared as a single unit to other territories. But the evidence shows and the Director found that neither the twelve collectively nor any of them individually is able to adequately represent Chevrolet throughout all parts of the territory, i.e., in the Hollywood area. The Director found that "there is a need *52 for a new dealer [in the Hollywood area] if Chevrolet is to be represented adequately and not lose its percentage of the market in the community."
We agree with the Director, General Motors and Berwick that § 320.642 does not foreclose additional Chevrolet dealer representation in the "community or territory"  the Miami multiple dealer area  simply because each existing dealer now tends his own garden well and that the product of all twelve, taken together, is adequate by territorial standards. If within the territory described in the nonexclusive franchise agreements there remains an identifiable plot not yet cultivated, which could be expected to flourish if given the attention which the others in their turns received, we think the Director is justified in concluding that the cultivation of the territory is not adequate. We agree with the Director that it would be unreasonable and arbitrary to deny General Motors and its chosen applicant the right to proceed under these circumstances.
The purpose of § 320.642, F.S. 1973, is to prevent powerful manufacturers from taking unfair advantage of their dealers by overloading a market area with more dealers than can be justified by the legitimate interests of the manufacturer and its dealers, existing and prospective. Plantation Datsun, Inc. v. Calvin, 275 So.2d 26 (Fla. App. 1st, 1973). Its purpose is not to foster combinations to prevent the introduction of dealer competition which is reasonably justified in terms of market potential. Antitrust laws have proscribed such combinations in the United States since 1890 and in this State since 1915. Tit. 15 U.S.C. § 1 et seq.; Ch. 6933, Fla.Laws 1915 as amended, Ch. 542, F.S. 1973. Assuming as we do that the legislature in enacting § 320.642 intended "to serve the best interest of the people and the general welfare of the State" consistent with the purposes of the antitrust laws [Abood v. City of Jacksonville, 80 So.2d 443, 445 (Fla. 1955)], we decline to transform the nonexclusive multiple dealer area of Dade and Broward into an exclusive territory in which twelve existing dealers are protected from border to border from further competition notwithstanding their inadequate representation of Chevrolet in an identifiable part of the territory.
The Director's finding that Chevrolet's representation in the territory is inadequate distinguishes this case from Hess Marine, Inc. v. Calvin, 296 So.2d 114 (Fla.App. 1st, 1974) and Barnard & Russell Ent., Inc. v. Calvin, 296 So.2d 115 (Fla.App. 1st, 1974). See Lynch-Davidson Motors, Inc. v. Calvin, 311 So.2d 792 (Fla. App.1st, 1975).
We have also considered, but we cannot sustain, petitioners' other point of attack upon the Director's order. The petition for review is
Dismissed.
RAWLS, Acting C.J., and MILLS, J., concur.