HUBBART, Chief Judge.
This is an appeal from a final order dismissing with prejudice a complaint for attorneys’ fees filed pursuant to Section 320.-641(5), Florida Statutes (1981). The basis for the dismissal below was the trial court’s conclusion that the above statute was unconstitutional based on due process and equal protection grounds. We cannot agree and reverse.
I
In the instant case, the plaintiff J. R. Furlong, Inc., d/b/a Joe Martino Chrysler-Plymouth, filed a complaint seeking an award of attorneys’ fees under Section 320.-641(5), Florida Statutes (1981), against the defendant Chrysler Corporation in the Circuit Court in and for the Eleventh Judicial Circuit of Florida. Specifically, the complaint alleged, in relevant part, as follows:
“4. Plaintiff is entitled to relief against Defendant upon the following facts. On or about April 3, 1978, CHRYSLER, a licensee under Section 320.61, Florida Statutes, notified its franchise dealer, FURLONG, a duly licensed dealer pursuant to Section 320.27, Florida Statutes, of its election to cancel and terminate, ninety days from the date of delivery of notice of termination on April 3, 1978, of its Chrysler and Plymouth Direct Dealer Term Sales Agreement with FURLONG, a copy of which is attached hereto and made a part hereof as Plaintiff’s Exhibit “A”. The specific reason for termination, as set out in said letter, was that FURLONG had failed to fulfill its minimum sales responsibility pursuant to Paragraph 7 of the Chrysler and Plymouth Direct Dealer Term Sales Agreement dated June 28, 1976.
5.One [sic] June 12, 1978, FURLONG filed with the Department of Motor Vehicles of the State of Florida, pursuant to Section 320.641(3), Florida Statutes, a verified complaint in triplicate for determination of unfair discontinuance or cancellation, a copy of which is attached hereto and made a part hereof as Plaintiff’s Exhibit “B”.
6. In the said complaint, FURLONG alleged that CHRYSLER, without due regard to the equities of FURLONG and/or without just provocation, unfairly cancelled the aforesaid agreement contrary to Sections 320.64 and 320.641(3), Florida Statutes.
7. FURLONG prayed that the cancellation of said agreement be determined unfair and that CHRYSLER be enjoined from adversely affecting agreements between itself and CHRYSLER and that FURLONG have such other and further relief, both legal and equitable as the Department may deem meet and proper.
8. The Director of the Division of Motor Vehicles, John D. Calvin, thereafter, by final ordered [sic] dated August 22, 1979, a copy of which is attahced [sic] hereto and made a part hereof as Plaintiff’s Exhibit “C”, ruled pursuant to Section 320.641, Florida Statutes, that CHRYSLER’s attempted cancellation of the Franchise Agreement between CHRYSLER and FURLONG was done in bad faith and constituted an unfair cancellation; and the Director further ordered that FURLONG shall continue to act as the licensed-Chrysler dealer in Vero Beach, Indian River County, Florida, under all of the contractual agreements between the parties thereto.
9. Upon appeal taken by CHRYSLER to the District Court of Appeal, First District, in and for the State of Florida, said court, in a per curium [sic] opinion, dated August 12,1980, a copy of which is attached hereto and made a part hereof as Plaintiff’s Exhibit “C”, affirmed the order of the Director of the Division of Motor Vehicles.
10. Section 320.641(5), Florida Statutes, states that if a motor vehicle dealer prevails against a licensee, in this case CHRYSLER, for unfair cancellation of *387 the Franchise Agreement, said plaintiff motor vehicle dealer shall have a cuase [sic] of action against the defendant licensee for reasonable attorneys’ fees and costs incurred by him in such proceeding for unfair cancellation, a copy of which is attached hereto and made a part hereof as Plaintiff’s Exhibit “E”.
11. FURLONG has demanded payment by CHRYSLER of reasonable attorneys’ fees and costs incurred by FURLONG in such proceeding for unfair cancellation and to date, CHRYSLER has failed to pay Plaintiff FURLONG same.”
Upon proper motion, the trial court dismissed the above complaint with prejudice upon a finding that Section 320.641(5), Florida Statutes (1981), was unconstitutional. This appeal follows.
II
Section 320.641(3), (5), Florida Statutes (1981), upon which the subject complaint was based, provides as follows:
“(3) Any motor vehicle dealer whose franchise agreement is discontinued, canceled, or not renewed may, within such 90-day notice period, file with the department a verified complaint in triplicate for a determination of unfair discontinuation or cancellation. Agreements and certificates of appointment shall continue in effect until final determination by the department of the issues raised in such complaint by the motor vehicle dealer, and no replacement motor vehicle dealer shall be named for this point or location to engage in business prior to the final adjudication by the department on the discontinuation, cancellation, or failure to renew.

(5) If said complainant motor vehicle dealer prevails, he shall have a cause of action against the defendant for reasonable attorneys’ fees and costs incurred by him in such proceeding for unfair discontinuation, cancellation, or failure to renew, pursuant to this section.” [emphasis added]
We think this statute passes constitutional muster both on due process and equal protection grounds.
A
When read in context, Section 320.-641(5), Florida Statutes (1981), provides for “a cause of action” for “reasonable attorneys’ fees and costs” whenever, as alleged here, a “complainant motor vehicle dealer prevails” in its verified complaint filed pursuant to Section 320.641(3), Florida Statutes (1981), with the “department” [Department of Highway Safety and Motor Vehicles, § 320.60(6), Fla.Stat. (1981)]. The trial court, however, in the order under review struck the statute down on due process grounds for being too vague; the trial court concluded that the subject statute “fails to enunciate any standard by which a determination of liability for such fees and costs may be made,” and “does not indicate the conditions' upon which liability may be found to exist.” We cannot agree. The standard for liability on the claim for attorneys’ fees and costs is clearly set forth in the statute: (1) the complainant must be a motor vehicle dealer who has prevailed in his verified complaint filed with the Department of Highway Safety and Motor Vehicles pursuant to Section 320.641(3), Florida Statutes (1981), and (2) the complainant must have incurred reasonable attorneys’ fees and costs in said administrative proceeding. Upon proof of these two elements, the complainant has established a prima facie cause of action for said reasonable attorneys’ fees and costs under the subject statute. We think that the established due process standards requiring reasonable certainty in a statute have been more than satisfied here. Newman v. Carson, 280 So.2d 426 (Fla.1973).
B
The trial court also struck the statute down on equal protection grounds because the statute fails to accord a cause of action for reasonable attorneys’ fees and costs “to a prevailing motor vehicle manufacturer, factory branch, distributor or importer who may prevail against a motor *388 vehicle dealer” in the above-stated administrative proceeding before the Department of Highway Safety and Motor Vehicles. The trial court found no legitimate basis to create a unilateral award of attorneys’ fees and costs to the prevailing motor vehicle dealer here because, in its view, the entire proceeding here is purely “an action between two private parties, with no public interest at issue.” We cannot agree.
If no public interest were at stake here, there would be no need for the extensive regulation undertaken by the legislature of motor vehicle manufacturers, factory branches, distributors or importers, §§ 320.-61 — 320.70, Fla.Stat. (1981), and the entire statutory scheme would be unconstitutional. Obviously, that is not the case, and no effort has been made either below or here to attack the entire legislative scheme. In particular, there would be no need for the legislature to give a motor vehicle dealer some protection against unfair discontinuation or cancellation of his franchise agreements with a motor vehicle manufacturer, factory branch, distributor or importer. § 320.641(3), Fla.Stat. (1981). The legislature, however, has taken the view that this regulation is necessary in order to equalize the conceded difference in bargaining power between the two parties here and to accord some protection to the motor vehicle dealer as the weaker of the two parties. International Harvester Co. v. Calvin, 353 So.2d 144, 147-48 (Fla. 1st DCA 1977). As part of this scheme, the legislature has decided to create a cause of action for any motor vehicle dealer who prevails in his above-stated verified administrative complaint. Quite apart from the wisdom of this policy decision and the corresponding statutory scheme, we cannot say that the legislative decision to provide special protection here for motor vehicle dealers has no reasonable basis; indeed, this legislative scheme has been upheld in Florida and elsewhere against similar constitutional attack. See e.g., New Motor Vehicle Board of California v. Orrin W. Fox Co., 439 U.S. 96, 99 S.Ct. 403, 58 L.Ed.2d 361 (1978); Plantation Datsun, Inc. v. Calvin, 275 So.2d 26 (Fla. 1st DCA 1973); Forest Home Dodge, Inc. v. Karns, 29 Wis.2d 78, 138 N.W.2d 214 (1965). We are, accordingly, of the view that equal protection standards have been more than satisfied here. Newman v. Carson, 280 So.2d 426 (Fla.1973); Hunter v. Flowers, 43 So.2d 435 (Fla.1949).
The final order dismissing the plaintiff’s complaint in this cause is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.