WALDEN, Judge.
This is an appeal from an order of the Division of Motor Vehicles, Department of Highway Safety and Motor Vehicles holding that the application of Art Moran, Palm Beach Pontiac GMC, Inc., for a motor vehicle dealer license in Palm Beach County should be granted.
Appellant, Stewart Pontiac Company, Inc., is an existing franchised dealer of General Motors Corporation in Palm Beach County. General Motors, appellee, notified Stewart Pontiac of its intention to place a new Pontiac dealership in Palm Beach County approximately 8 miles north of Stewart Pontiac’s location. Stewart Pontiac protested the establishment of the new dealership under the terms of § 320.642, Florida Statutes (1985), which statute provides:
The department shall deny an application for a motor vehicle dealer license in any community or territory where the licensee’s presently licensed franchised motor vehicle dealer or dealers have complied with licensee’s agreements and are providing adequate representation in the community or territory for such licensee. The burden of proof in showing inadequate representation shall be on the licensee.
The sole dispositive criterion here, per statute, was whether or not the existing Pontiac dealers serving the West Palm Beach area are “providing inadequate representation.”
A full hearing ensued and the hearing officer entered an order with extensive findings of fact that supported his conclusion that the existing dealers provided inadequate representation in the area in question. It was on this basis that the hearing *662 officer recommended that the Art Moran application be granted. Stewart Pontiac appeals. We affirm.
While several appellate issues were presented, we believe that only one merits discussion; it being, whether the hearing officer erred in excluding evidence of financial impact on the existing dealer as a relevant consideration in determining adequacy of representation under section 320.-642, Florida Statutes (1985).
The purpose of § 320.642, Florida Statutes (1985), as we understand it, is to prevent manufacturers from taking unfair advantage of their dealers by overloading a market area with more dealers than can be justified by legitimate interests of manufacturers and dealers. However, the purpose is not to foster combinations to prevent introduction of dealer competition which is reasonably justified in terms of market potential. Bill Kelley Chevrolet, Inc. v. Calvin, 322 So.2d 50 (Fla. 1st DCA 1975), cert. den., 336 So.2d 1180 (Fla.1976).
It is clear from the language and the purpose of the statute that the only burden on appellee is to show that the existing dealers are providing inadequate representation. This burden can be met by either showing that the existing dealers are inadequate in respect to their servicing of the territory as a whole, or by showing that within the territory “there remains an identifiable plot not yet cultivated, which could be expected to flourish if given the attention which the others in their turns received ...” Calvin, 322 So.2d at 52; Dave Zinn Toyota, Inc. v. Department of Highway Safety and Motor Vehicles, 432 So.2d 1320, 1322 (Fla. 3d DCA 1983). Although the financial impact would be relevant to appellant, it would seem that this impact is not relevant to the purpose of the statute or to the burden appellee must meet under the statute. For instance, under the clear language and intent of § 320.642, it matters not what the financial impact upon the present dealer would be if that dealer is furnishing inadequate representation. It is nowhere required that the financial health of the present dealer be guarded or preserved at the expense of the manufacturer having to put up with inadequate representation. Thus, we hold that evidence of such financial impact is irrelevant.
In the instant case, the appellant relies on the authority of Steve Sorensen Chevrolet, Inc. v. Tom Edwards, Inc., No. 83-2596 (DOAH May 15,1984), for the proposition that financial impact is a relevant consideration in determining if there is adequate representation by the existing dealers. However, appellant’s reliance is misplaced.
In Sorensen, the applicant wanted to place a dealership in the Lake Wales area, because the previous dealership had gone out of business. The existing dealer had been actively cultivating the Lake Wales area ever since the previous dealership had gone bankrupt. Under these circumstances, the hearing officer made reference to the fact that the opening of the proposed dealership would decrease the number of sales which the existing dealership could otherwise reasonably expect to make in the Lake Wales area. However, it appears from the opinion, that the financial impact on the existing dealership was not the underlying reason for the hearing officer’s conclusions. Instead, the hearing officer found that the applicant had not proven that the manufacturer was inadequately represented in the Lake Wales sales locality by the nearby existing dealers.
In the instant case, unlike in Sorensen, the appellee was attempting to place another dealership in an area which is growing rapidly and thus in need of another dealership. As such, the instant case is similar to Re: Application of Fischer Olds-Cadillac, Inc., (Fla.Dept. of Highway Safety and Motor Vehicles February 2, 1978).
In Fischer Olds-Cadillac, the applicant wished to obtain a license for an area which was experiencing a lot of growth. The hearing officer specifically denied the proposed findings of fact:
that the equities of Nash Pontiac-Cadillac are to be considered in the determination of this cause and the facts establish that the existence of this agency would be *663 detrimental to the interests of Nash Pontiac-Cadillac.
According to the hearing officer, these findings of facts were denied because they were not within the statutory standards to be applied in this matter.
In the instant case, like in Fischer Olds-Cadillac, the financial impact of the appellant is not relevant nor within the statutory standards to be applied. Appel-lee, as found by the hearing officer, and as supported by competent substantial evidence, met its burden as described by § 320.642, Florida Statutes (1985). As such, the evidence of financial impact was properly excluded.
The appealed order is AFFIRMED.
GLICKSTEIN and STONE, JJ., concur.