522 So.2d 1012 (1988)
FAIRFIELD COMMUNITIES, Appellant,
v.
FLORIDA LAND AND WATER ADJUDICATORY COMMISSION, Friends of Fort George, Inc., Florida Audubon Society and Florida Wildlife Federation, Appellee.
No. BR-481.
District Court of Appeal of Florida, First District.
March 30, 1988.
*1013 William L. Hyde of Roberts, Baggett, LaFace & Richard, Tallahassee, for appellant.
Robert Butterworth, Atty. Gen., Beverly S. McLear, Asst. Atty. Gen., Tallahassee, for appellee/Florida Land and Water Adjudicatory Com'n.
Douglas Manson and Segundo J. Fernandez of Oertel & Hoffman, P.A., Tallahassee, for appellees/Friends of Fort George, Inc., Florida Audubon Society, and Florida Wildlife Federation.
SMITH, Chief Judge.
Fairfield Communities, Inc., appeals a final order of an administrative hearing officer in a rule challenge proceeding, which denied its petition for determination of the invalidity of rules 27G-1.06(2)[1] and 27G-1.08(4),[2] Florida Administrative Code.[3] These rules were promulgated by the Florida Land and Water Adjudicatory Commission (FLWAC), the agency responsible for final agency action in development of regional impact (DRI) proceedings. Fairfield's primary contention, and the issue which we will address in this opinion, is that these rules are nothing more than an attempt to circumvent the limited standing provisions of section 380.07(2), Florida Statutes *1014 (1985),[4] and that giving the intervenors in this proceeding the substantive right to raise new and additional issues is the functional equivalent of giving intervenors the right to appeal a development order under section 380.07(2). We affirm.
Fairfield, the developer, is pursuing a development of regional impact. The master land use plan was approved and the state land planning agency, the Department of Community Affairs (DCA), appealed this approval to FLWAC. In its appeal, DCA raised only two issues. Upon motion, FLWAC allowed several of the appellees to intervene (hereinafter intervenors) and the intervenors requested consideration of additional issues pursuant to rule 27G-1.06(2). FLWAC denied consideration of every issue raised by intervenors except one, and added a related issue itself relying on rule 27G-1.08(4). As an outgrowth of this DRI review proceeding, Fairfield filed the present rule challenge. Fairfield has not challenged the other provisions of rule 27G-1.06 (now 42-2.006) which permit FLWAC to allow intervention and give intervenors full party status.
At the outset, we note that we are being asked to determine the facial validity of these two rules, not to determine their validity as applied to specific facts, or whether the agency has placed an erroneous construction on them. Accordingly, we need only to examine the statutory basis for these rules to determine if the agency has exceeded its authority, whether the requirements of the rules are appropriate to the ends specified in the statutes, are reasonably related to the purposes of the implemented statutes, and are not otherwise arbitrary and capricious. Agrico Chemical Co. v. State, Department of Environmental Regulation, 365 So.2d 759 (Fla. 1st DCA 1978), cert. den. sub nom. Askew v. Agrico Chemical Co., 376 So.2d 74 (Fla. 1979). While it is true that no agency has inherent rulemaking authority, and any rulemaking authority which the legislature may validly delegate to the administrative agency is limited by the statute conferring the power, rulemaking authority may be implied to the extent necessary to properly implement a statute governing the agency's statutory duties and responsibilities. Department of Professional Regulation, Board of Professional Engineers v. Florida Society of Professional Land Surveyors, 475 So.2d 939 (Fla. 1st DCA 1985).
It has been repeatedly recognized by the courts of this state that FLWAC has a policy-making role in resolving a DRI appeal under section 380.07, and is responsible for protecting and balancing state or regional interests in DRI review proceedings. Graham v. Estuary Properties, Inc., 399 So.2d 1374 (Fla. 1981); and Fox v. Treasure Coast Regional Planning Council, 442 So.2d 221, 227 (Fla. 1st DCA 1983). As stated by the hearing officer, the term "appeal" as used in section 380.07(3) should be used in its broadest, non-technical sense. Transgulf Pipeline v. Board of County Commissioners, 438 So.2d 876, 878 (Fla. 1st DCA 1983). Section 380.07 contemplates that FLWAC will conduct a de novo evidentiary hearing pursuant to section 120.57 in reviewing DRI's. Id. at 879. Further, this statute empowers FLWAC to grant or deny permission to develop pursuant to Chapter 380 standards, and to attach conditions and restrictions to its decisions. § 380.07(4), Fla. Stat. (1985).[5]
As the agency responsible for final agency action in DRI proceedings, FLWAC is empowered to adopt rules of practice and "rules of procedure appropriate for the presentation of arguments concerning issues of law or policy, and for the presentation of *1015 evidence on any pertinent fact that may be in dispute." § 120.53(1)(c), Fla. Stat. (1985). We find that the rules in question here require FLWAC to define the issues to be litigated in a DRI appeal, before referring the matter to a hearing officer, and that they simply set forth the time and manner of presenting claims. They do not confer standing to appeal contrary to the provisions of section 380.07(2).
FLWAC's rule 27G-1.06(2) only allows the intervenors to request FLWAC to consider other issues. Unlike the issues raised by the statutorily designated parties who may initiate appeals under section 380.07(2), FLWAC does not have to consider those issues requested by intervenors. Importantly, intervenors must make the request within thirty days after the notice of appeal is filed, and all issues must have been raised in the proceedings below. Rule 27G-1.08(4) permits FLWAC to exercise its statutorily granted policy-making review authority by adding an issue of statewide or regional importance which was not raised by the parties but which is necessary to a disposition of the appeal under section 380.07. Both these rules enable FLWAC to exercise its statutory duty to attach conditions and restrictions to its decision to grant or deny permission to develop. Fox v. Treasure Coast Regional Planning Council, supra.
Fairfield suggests that by validating these rules, we will be creating a Pandora's box, which when opened will subject unsuspecting owners and developers to all sorts of delay and additional expense in their right to proceed with a development project. Fairfield urges a parade of horribles should FLWAC add unnecessary issues or issues designed to harass or delay under these rules. However, this appeal concerns only the facial validity of these rules, and we will not speculate whether FLWAC will act arbitrarily or capriciously in determining the extent or categories of issues to be added in other unnamed proceedings. Instead, we determine that the rules, as written, provide sufficient limitation on FLWAC's authority to permit additional issues to be raised in a DRI appeal.
Finally, in challenging these rules, Fairfield has argued hypothetically that in the event that DCA withdraws or settles its appeal in this case, FLWAC's jurisdiction over this appeal should be divested or terminated. Fairfield contends that intervenors cannot continue to maintain their challenge if DCA, the only party with standing to appeal under section 380.07(2), voluntarily dismisses its appeal. Fairfield asks this court to rule that in the event DCA, the only statutorily designated challenger, dismisses its appeal before FLWAC, that FLWAC loses its jurisdiction to proceed even though it may have before it other issues added pursuant to rules 27G-1.06(2) and 27G-1.08(4). However, this appeal is limited to a consideration of whether rules 27G-1.06(2) and 27G-1.08(4) are validly enacted rules. The issue of whether intervenors may still maintain their appeal before FLWAC, even though the only party with standing to appeal pursuant to section 380.07(2) has withdrawn or dismissed its challenge, was not briefed nor argued below, and is not an issue before this court.
Fairfield's remaining arguments were adequately disposed of by the hearing officer's final order, and it is not necessary to address them in this opinion. Accordingly, the final order appealed is AFFIRMED.
ERVIN and NIMMONS, JJ., concur.
NOTES
[1] Rule 27G-1.06(2) provides:

Motions to intervene filed with the Commission within thirty days of the filing of a notice of appeal may request the Commission to consider issues raised in the record below but not raised by the parties to the appeal.
The specific authority for Rule 27G-1.06 is section 120.53(1) and the laws implemented are section 380.07 and 403.412(5).
[2] Rule 27G-1.08(4) provides:

Within sixty days of receipt of a notice of appeal, the Commission shall meet to review the issues raised by the parties. If the Commission determines that an issue of statewide or regional importance was not raised by the parties but is necessary to its disposition of the appeal, the Commission shall specify said issue and shall specify whether the issue shall be the subject of review based on the record made below, additional evidence or combination thereof. New issues shall not be raised by the parties or other persons after this Commission meeting. At this meeting, the Commission may also dispose of procedural motions, including motions to intervene, which have been filed within thirty days of the filing of the notice of appeal.
The specific authority for Rule 27G-1.08 is 120.53(1) and the laws implemented are 380.07(3), 380.08(3), and 120.57(1)(b).
[3] Rules 27G-1.06(2) and 27G-1.08(4) have since been renumbered, respectively, 42-2.006(2) and 42-2.008(4).
[4] This statute expressly limits the right to appeal a decision to either grant or deny a DRI development order to the owner, the developer, the appropriate regional planning agency or the state land planning agency. Friends of Everglades, Inc. v. Board of County Commissioners of Monroe County, 456 So.2d 904 (Fla. 1st DCA 1984).
[5] Section 380.07(4), Florida Statutes (1985), in its entirety, provides:

The Florida Land and Water Adjudicatory Commission shall issue a decision granting or denying permission to develop pursuant to the standards of this chapter and may attach conditions and restrictions to its decisions.