625 So.2d 76 (1993)
GENERAL MOTORS CORPORATION, Appellant,
v.
FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES; Florida Automobile Dealers Association, and South Florida Auto Truck Dealers Association, Appellees.
ED MORSE CHEVROLET OF SEMINOLE, INC., Appellant,
v.
FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES; Florida Automobile Dealers Association, and South Florida Auto Truck Dealers Association, Appellees.
Nos. 91-2502, 91-2503.
District Court of Appeal of Florida, First District.
September 22, 1993.
Rehearing Denied October 28, 1993.
Dean Bunch of Cabaniss, Burke & Wagner, P.A., Tallahassee, for General Motors Corp., Michael A. Fogarty and Richard E. Fee of Glenn Rasmussen & Fogarty, Tampa, Lee Stracher of Stracher & Harmon, P.A., Plantation, for appellant Ed Morse Chevrolet of Seminole, Inc.
Enoch J. Whitney, Gen. Counsel, Michael J. Alderman, Asst. Gen. Counsel, Dept. of Highway Safety and Motor Vehicles, Tallahassee, for appellee State of Florida Dept. of Highway Safety and Motor Vehicles.
William C. Owen of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, for appellee Florida Auto. Dealers Ass'n.
James D. Adams of Adams & Quinton, P.A., Boca Raton, for South Florida Auto Truck Dealers Ass'n.
WEBSTER, Judge.
In these two consolidated appeals, appellants seek review of a final order entered by a Division of Administrative Hearings hearing officer. In that final order, the hearing officer concluded that Florida Administrative *77 Code Rule 15C-1.008 and Proposed Rules 15C-7.004(4)(a), (4)(b) and (7)(d) do not constitute invalid exercises of authority delegated to the Department of Highway Safety and Motor Vehicles (Department) by the legislature; and, accordingly, denied appellants' challenges to those rules. On appeal, appellants address only rule 15C-1.008, which they argue is inconsistent with chapter 320, Florida Statutes (1989); and exceeds the rulemaking authority granted to the Department by the legislature. We affirm.
Rule 15C-1.008 is intended principally to implement section 320.642, Florida Statutes, which addresses the procedure to be followed to determine whether an application for a motor vehicle dealer license should be granted when a manufacturer, factory branch, distributor or importer of motor vehicles "proposes to establish an additional ... dealership or permit the relocation of an existing dealer to a location within a community or territory where the same line-make vehicle is presently represented by a franchised ... dealer or dealers." § 320.642(1), Fla. Stat. (1989). Subsection (2) of that section requires the Department to deny an application for a motor vehicle dealer license when "[a] timely protest is filed by a presently existing franchised ... dealer with standing," and the manufacturer, factory branch, distributor or importer "fails to show that the existing franchised dealer or dealers who register new motor vehicle retail sales or retail leases of the same line-make in the community or territory of the proposed dealership are not providing adequate representation of such line-make motor vehicles in such community or territory." § 320.642(2)(a)1. & 2., Fla. Stat. (1989). Subsection (2) requires, further, that, in making a determination regarding the adequacy of existing representation in the community or territory, the Department consider evidence directed to certain enumerated issues, or "questions." § 320.642(2)(b), Fla. Stat. (1989).
Appellants object only to the last portion of rule 15C-1.008, which reads:
The Director may make such further investigation and hold such hearing as he deems necessary to determine the questions specified under Section 320.642. A determination so made by the Director shall be effective as to such license for a period of twelve (12) months from the date of the Director's Order, or date of final judicial determination in the event of an appeal, unless for good cause a different period is set by the Director in his order of determination.

(Emphasis added.) Appellants argue that, because no such time limit is contained in section 320.642, the Department lacks the authority to adopt one by rule. They do not argue on this appeal that the time limit chosen is unreasonable and, therefore, arbitrary or capricious. Rather, they argue that any such time limit is beyond the Department's authority. We are unable to accept appellants' argument.
The legislature's intent in adopting sections 320.60 through 320.70 is expressed as follows:
It is the intent of the Legislature to protect the public health, safety, and welfare of the citizens of the state by regulating the licensing of motor vehicle dealers and manufacturers, maintaining competition, providing consumer protection and fair trade and providing minorities with opportunities for full participation as motor vehicle dealers.
§ 320.605, Fla. Stat. (1989). As to chapter 320 generally, the legislature has provided that "[t]he [D]epartment shall administer and enforce the provisions of this chapter and may adopt such rules as it deems necessary or proper for the administration hereof." § 320.011, Fla. Stat. (1989). The legislature has reiterated its intent in this regard in section 320.69, which relates specifically to sections 320.60 through 320.70: "The [D]epartment may make such rules and regulations as it shall deem necessary or proper for the effective administration and enforcement of this law." § 320.69, Fla. Stat. (1989).
"[R]ulemaking authority may be implied to the extent necessary to properly implement a statute governing the agency's statutory duties and responsibilities." Department of Professional Regulation, Board of Professional Engineers v. Florida Society of Professional Land Surveyors, 475 So.2d 939, 942 (Fla. 1st DCA 1985). Accord Fairfield Communities *78 v. Florida Land and Water Adjudicatory Commission, 522 So.2d 1012 (Fla. 1st DCA 1988). Moreover,
[i]t is well established in Florida that the Legislature, having enacted a Statute complete in itself which declares a legislative policy or standard and operates to limit the power delegated, may authorize an administrative agency to prescribe rules and regulations for its administration... . Where the empowering provision of a statute states simply that an agency may "make such rules and regulations as may be necessary to carry out the provisions of this Act", the validity of regulations promulgated thereunder will be sustained so long as they are reasonably related to the purposes of the enabling legislation, and are not arbitrary or capricious.
Florida Beverage Corp. v. Wynne, 306 So.2d 200, 202 (Fla. 1st DCA 1975) (citations omitted). Accord General Telephone Co. v. Florida Public Service Commission, 446 So.2d 1063 (Fla. 1984). We believe that the portion of rule 15C-1.008 to which appellants object constitutes a valid exercise of the Department's implied rulemaking authority.
Sections 320.011 and 320.69 clearly give the Department the authority to adopt such rules as it deems necessary effectively to administer and to enforce the law, consistent with the legislative intent. The expressed intent is "to protect the public health, safety, and welfare of the citizens of the state by regulating the licensing of motor vehicle dealers and manufacturers, maintaining competition, providing consumer protection and fair trade and providing minorities with opportunities for full participation as motor vehicle dealers." § 320.605, Fla. Stat. (1989).
"The purpose of [section] 320.642 ... is to prevent powerful manufacturers from taking unfair advantage of their dealers by overloading a market area with more dealers than can be justified by the legitimate interests of the manufacturer and its dealers, existing and prospective." Bill Kelley Chevrolet, Inc. v. Calvin, 322 So.2d 50, 52 (Fla. 1st DCA 1975), cert. denied, 336 So.2d 1180 (Fla. 1976). Accord Plantation Datsun, Inc. v. Calvin, 275 So.2d 26 (Fla. 1st DCA 1973). Consistent with that purpose, section 320.642(2) requires the Department to determine whether an additional (either new or relocated) dealership is justified, economically and otherwise, from the viewpoints of the existing dealers and the public, respectively. The types of evidence which the statute requires the Department to consider include demographic and market data. Clearly, such data changes over time, as does the economy. What may be a perfectly defensible determination based upon today's data, might well prove to be indefensible at some point in the future. It seems to us that, in order effectively to administer section 320.642, it is essential that the Department have the authority to limit the life of a determination made pursuant to that section. Accordingly, we conclude that the authority to adopt rule 15C-1.008 is fairly implied from chapter 320 generally and, more particularly, sections 320.60 through 320.70. Fairfield Communities, 522 So.2d at 1014; Florida Society of Professional Land Surveyors, 475 So.2d at 942.
AFFIRMED.
ERVIN, J., concurs.
BOOTH, J., dissents with written opinion.
BOOTH, Judge, dissenting:
A careful review of chapter 320, Florida Statutes, fails to reveal any basis for the challenged portion of Florida Administrative Code Rule 15C-1.008, which provides for automatic expiration of a previously approved application for license.[1] The following is the sum total of the rule on this matter:
A determination so made [granting an application] by the Director shall be effective as to such license for a period of twelve (12) months from the date of the Director's Order, or date of final judicial determination in the event of an appeal, unless for good cause a different period is *79 set by the Director in his order of determination.
This is no small "procedural" matter, as the requirements for obtaining approval of such application are among the most arduous and expensive of any under Florida law.[2]
Briefly, the facts are that appellant obtained from General Motors in December 1987 a statement of intent to authorize an additional dealership in Seminole, Pinellas County, Florida. The dealership, to be operated by appellant herein, was to have an annual sales volume of up to 1,360 cars and trucks, and would require 213,825 square feet of property. In May 1988, appellant, after complying with the requirements of sections 320.27 and 320.642, Florida Statutes, sent its preliminary application for franchise motor vehicle license to the Department. Thereafter, an existing Chevrolet dealer in the area filed a protest contesting the need for appellant's new dealership. Following a lengthy Department of Administrative Hearings hearing in May 1989, the hearing officer concluded that there was an existing need for appellant's dealership and recommended that appellant's application be granted. The Department thereafter issued a final order adopting the hearing officer's recommendation, and consequently, in November 1989, notified appellant of the pertinent provision of rule 15C-1.008, that the determination would be effective for a period of 12 months from the date of the order or date of final judicial determination.
The protesting Chevrolet dealer took an appeal from the final order, and on June 18, 1990, the Second DCA affirmed the order without opinion. By this time, appellant had spent two and a half years and well over one million dollars acquiring the site and obtaining approval. The Department informed appellant that this approval would expire at the end of one year, unless appellants complied with certain requirements which were not then explicated in any statute or rule.[3]
The Department and the majority rely on section 320.642, Florida Statutes, which rule 15C-1.008 purports to implement, as authority for the rule. That statute, while setting forth in considerable detail the procedure and evidentiary findings necessary for the Department's determination of whether an application should be granted, has no provision which even remotely implies that the Department has the authority to impose a time limit on an application it chooses to grant.[4]
In pursuit of statutory authority, the majority cites section 320.605, Florida Statutes, which is not cited in the Administrative Code as authority for the rule and in fact is merely a statement setting forth the general intent of the Legislature in adopting sections 320.60 through 320.70, Florida Statutes. Two other statutes proposed as authority are sections 320.011 and 320.69, Florida Statutes, which permit the Department to adopt such rules as it deems "necessary or proper" for administration of the provisions of chapter 320.
*80 It is axiomatic that an agency has certain implied rulemaking authority limited to what is required or necessary to carry out the statutory purposes. Equally basic is the rule of Board of Trustees v. Board of Professional Land Surveyors, 566 So.2d 1358, 1360 (Fla. 1st DCA 1990), wherein this court held:
All rulemaking authority delegated to administrative agencies is of course limited by the statute conferring the power. Department of Professional Regulation v. Florida Society of Professional Land Surveyors, 475 So.2d 939, 942 (Fla. 1st DCA 1985). According to section 120.52, Florida Statutes, a proposed rule is an invalid exercise of delegated legislative authority if it "goes beyond the powers, functions, and duties delegated by the Legislature." If the agency has exceeded its grant of rulemaking authority, or if the rule enlarges, modifies, or contravenes the specific provisions of law implemented, such infractions are among those requiring a conclusion that the proposed rule is an invalid exercise of delegated legislative authority. s. 120.52, F.S.
Section 120.54, Florida Statutes, provides that no agency has inherent rulemaking authority. An agency cannot adopt by rule omitted statutory provisions. Department of Business Regulation v. Salvation Limited, Inc., 452 So.2d 65, 66 (Fla. 1st DCA 1984).[5]
There is simply no Florida authority for the proposition that a statutory provision setting forth legislative policy or enabling an administrative agency to enact rules as necessary confers upon the agency authority to make policy in areas in which the Legislature has declined to act. Here, the Legislature declined to impose a time limitation following approval of an application while specifying a 12-month delay after denial before reapplication would be allowed.
The universally understood rule, stated in 1 Am.Jur.2d § 42 is as follows: "General [statutory] language describing the powers and functions of an administrative body may be construed to extend no further than the specific duties and powers conferred by the same statute." In Cataract Surgery Center v. Health Care Cost Containment Board, 581 So.2d 1359 (Fla. 1st DCA 1991), the agency claimed the power to adopt a rule requiring the submission of certain data from ambulatory surgery centers. Chapter 407, specifically conferred such authority upon the agency as to hospitals and nursing homes, but was absolutely silent on the subject of data collection from ambulatory surgery centers. This court held that the general statutory grant of rulemaking authority was nothing more than a restatement of the agency's common-law powers, and granted no authority to adopt the specific rule on collection of data from the surgery centers. Indeed, it has been clear until now that a general grant of rulemaking authority does not permit an agency to legislate by adopting provisions omitted from enabling statutes. State Department of Insurance v. Insurance Service Office, 434 So.2d 908, 910 (Fla. 1st DCA 1983); State Department of Health and Rehabilitative Services v. McTigue, 387 So.2d 454 (Fla. 1st DCA 1980); Department of Health and Rehabilitative Services v. Florida Psychiatric Society, 382 So.2d 1280 (Fla. 1st DCA 1980).
The majority seems to confuse the issue of whether the adoption of Florida Administrative Code Rule 15C-1.008 was within the Department's delegated rulemaking authority, with the issue raised by the Department that the rule is "a good idea." The latter is an issue to be addressed by the Legislature, not by the Department or a panel of this court.
The Department's rule totally fails to inform applicants what must be done to avoid the automatic one-year expiration. This rule not only permits but encourages precisely what the Administrative Procedure Act was intended to prevent, to-wit: disparate treatment *81 of similarly-situated applicants. Under the rule, an applicant must spend substantial sums of money and then engage in expensive protracted litigation only to be rewarded with an "approval" which will expire in one year unless certain unspecified conditions are met. Appellant, after more than five years of litigation and vast expenditures, is left with nothing under the Department's rule except the right to start over.
NOTES
[1] Nothing in the rules effective at the time of this application provides any notice to the applicant as to what is required to obtain an extension. Subsequently, a rule was adopted to require commencement of construction within 12 months of application approval. Fla. Admin. Code R. 15C-7.004(7)(d) (effective October 14, 1991).
[2] Section 320.27, Florida Statutes, sets forth lengthy and complex application procedures, and requires, inter alia, a substantial financial commitment, as evinced by:

Such application shall describe the exact location of the place of business and shall state whether the place of business is owned by the applicant and when acquired, or, if leased, a true copy of the lease shall be attached to the application. The applicant shall certify that the location provides an adequately equipped office and is not a residence; that the location affords sufficient unoccupied space upon and within which adequately to store all motor vehicles offered and displayed for sale; and that the location is a suitable place where the applicant can in good faith carry on such business and keep and maintain books, records, and files necessary to conduct such business, which will be available at all reasonable hours to inspection by the department or any of its inspectors or other employees.
Section 320.642 sets forth detailed procedures governing notice to other dealers. If an existing dealer protests, time-consuming, expensive litigation follows in which the Department must weigh evidence relevant to eleven different factors, in determining whether to grant the application. § 320.642, Fla. Stat.
[3] Appellant's unsuccessful efforts to satisfy these requirements are the subject of a companion suit now pending in this court, case number 92-1420.
[4] Compare section 381.710(2)(b), which specifically provides for a one-year expiration date for a certificate of need permitting construction of a health care facility as defined in section 381.702, Florida Statutes.
[5] The converse of the rule prohibiting administrative agencies from enlarging, modifying, or contravening provisions of statutes is that statutes purporting to allow administrative agencies to do so are violative of Article II, Section 3 of the Florida Constitution, which sets forth the principle of separation of powers. Florida Home Builders Association v. Division of Labor, Bureau of Apprenticeship, 367 So.2d 219, 220 (Fla. 1979). An appellate court must not adopt a construction of a statute which would render the statute unconstitutional. State v. Hoyt, 609 So.2d 744, 747 (Fla. 1st DCA 1992).