PER CURIAM.
 

 The Office of Insurance Regulation and the Financial Services Commission, Appellants, appeal a final order determining that Florida Administrative Code Rule 690-170.105(l)(d) was an invalid exercise of delegated legislative authority. They argue, among other things, that the administrative law judge (“ALJ”) erred in exercising jurisdiction to review the rule, which had expired by repeal of its enabling statute before Service Insurance Company, Appellee, initiated its rule challenge. We agree. For this reason, we reverse the ALJ’s final order without reaching the remaining issues raised on appeal.
 

 In 1996, the Florida Legislature amended section 627.062, Florida Statutes, to
 
 *638
 
 create an option for insurers to choose arbitration in lieu of a hearing pursuant to section 120.57, Florida Statutes, for the resolution of issues that arose when the then-existing Department of Insurance (“DOI”) took agency action with respect to a rate filing. Ch. 96-194, § 4, Laws of Fla. This option, which was codified at section 627.062(6), became effective January 1, 1997. Ch. 96-194, § 4, Laws of Fla. In addition to granting insurers the right to arbitrate, the Legislature directed DOI to adopt rules for arbitration. § 627.062(6)(b), Fla. Stat. (1996). DOI did so, and these rules were later transferred to the Financial Services Commission and the Office of Insurance Regulation pursuant to a government reorganization statute. Ch. 2002-404, § 2, Laws of Fla.; § 20.121, Fla. Stat. (2002).
 

 In 2008, the Legislature amended section 627.062(6) to remove the arbitration option. Nevertheless, in June 2009, Ap-pellee sought a determination from an ALJ that one of the rules adopted under the directive of the former version of section 627.062(b) was an invalid exercise of delegated legislative authority. The ALJ reviewed the rule and declared it invalid.
 

 Section 120.56(3)(a), Florida Statutes (2008), sets forth the parameters of an ALJ’s jurisdiction to entertain a rule challenge. It provides that “[a] substantially affected person may seek an administrative determination of the invalidity of an existing rule
 
 at any time during the existence of the rule.”
 
 § 120.56(3)(a) (emphasis added). This statute does not authorize a rule challenge to a rule that is no longer in existence.
 
 See id.; Dep’t of Revenue v. Sheraton Bal Harbour Ass’n, Ltd.,
 
 864 So.2d 454 (Fla. 1st DCA 2003). Once a rule’s enabling statute is repealed, the rule itself automatically expires.
 
 Canal Ins. Co. v. Cont’l Cas. Co.,
 
 489 So.2d 136, 138 (Fla. 2d DCA 1986) (citing
 
 Hulmes v. Div. of Ret., Dep’t of Admin.,
 
 418 So.2d 269 (Fla. 1st DCA 1982)). Therefore, even if the rule is still in print, it is no longer effective and does not meaningfully “exist.”
 

 We recognize that our sister court in
 
 Witmer v. Department of Business and Professional Regulation,
 
 662 So.2d 1299 (Fla. 4th DCA 1995), held that an expired rule could be challenged as long as it was still being applied to the petitioner. While this holding may be a good policy, it does not reflect the plain language of section 120.56(3), which requires that a challenge be initiated during the existence of the rule. The plain language of the statute makes this requirement an issue of timing rather than substance.
 
 See
 
 § 120.56(3)(a) (“A substantially affected person may seek an administrative determination of the invalidity of an existing rule
 
 at any time during the existence of the rule.”)
 
 (emphasis added). For this reason, we disagree with the
 
 Witmer
 
 court and hold that the ALJ in the instant case erred in reviewing the expired rule. Because Appellee did not file its challenge during the rule’s eleven
 
 [1]
 
 years of existence, the challenge was too late, and the ALJ should have declined to review it. Consequently, we reverse.
 

 REVERSED.
 

 KAHN, LEWIS, and CLARK, JJ., concur.
 

 [1]
 

 . The rule was adopted on August 31, 1997, and the amendments to section 627.062(6) eliminating the arbitration option became effective July 1, 2008.